Edward R. ANDREWS, Jr.,
Claimant–Appellant,

v.

Anthony J. PRINCIPI, Secretary of
Veterans Affairs, Respondent–
Appellee.

No. 01–7013.

United States Court of Appeals,
Federal Circuit.

Dec. 20, 2001.

Before PAULINE NEWMAN,
MICHEL, and GAJARSA, Circuit Judges.

PER CURIAM.

Mr. Andrews ("Andrews") appeals the Court of Appeals for Veterans Claims' ("Veterans Court") dismissal of his appeal from the Board of Veterans' Appeals' ("Board") affirmance of the Regional Office's denial of his clear and unmistakable error ("CUE") claim. Because the Veterans Court, although holding that it had jurisdiction, improperly concluded that Andrews had not alleged any error in the Board's decision, we *vacate* the Veterans Court's decision and *remand* with instructions to review the merits of the denial of the CUE claim, including the standard of review.

## Background

Andrews served on active military duty from October 1966 to March 1969. In 1983, Andrews sought and received disability benefits for post-traumatic stress disorder ("PTSD") at a 10% rating. In September 1984, Andrews submitted a claim for increased rating of his service-connected PTSD. A December 1984 examination resulted in a diagnosis of PTSD, "severe and chronic." As a result of this diagnosis, the Regional Office issued a decision increasing Andrews' rating to 30%.

Andrews sought to overcome the finality of and challenge the correctness of these decisions in 1995, alleging they contained CUE. The Board held that CUE was not shown in either the July 1983 ratings decision or the January 1985 ratings decision. Andrews appealed that decision to the Veterans Court, which dismissed the appeal. Andrews now appeals that dismissal.

## Analysis

In a two-paragraph, one-judge, non-precedential order, the Veterans Court said that Andrews had "failed to allege any errors in the Board's decision and thus abandons the only issues addressed by the Board." *Andrews v. West*, No. 98–1849, 2000 WL 195560 at*1 (Jan. 24 2000). Because the basis for the Veterans Court's dismissal of the appeal was improper, we remand to the Veterans Court in order for it to reach the merits.

■ The Veterans Court's order states "the appellant did not assert any error whatsoever relating to the Board decision on appeal." *Id.* This simply is not accurate. In his brief to the Veterans Court, Andrews specifically states that he is "challenging the Regional Office's failure to consider all the evidence of record in its prior ratings decisions." While Andrews may not explicitly state "the Board erred," the fact that he is challenging the Board's decision is clear, as the Board affirmed the Regional Office's ("RO") decision denying the CUE claim. Andrews stated in his brief to the Veterans Court that "[c]ontrary to both the Regional Office and BVA's assertion, such a basis of CUE [, *i.e.*, one alleging that the RO failed to consider all relevant facts of record in making its determination as to a disability rating,] is valid and does not constitute a 'dispute as to how the evidence was weighed.'" Appellant's Brief to Veterans Court at 11. This language clearly demonstrates that Andrews is indeed challenging

the determination of the Board that all his clear and unmistakable error claim did was allege a defect in how the evidence was weighed. Clearly, Andrews was asserting that the Board erred in not discerning clear and unmistakable error. Therefore, it was error for the Veterans Court to dismiss the case on the ground that Andrews had failed to allege error in the Board's decision.

■ Additionally, in contending that the Board's decision was erroneous, Andrews argued that the Veteran's Court had to review this decision *de novo*, asserting that a determination respecting clear and unmistakable error is a question of law. We agree that Andrews clearly raised a question of law, namely: the proper standard of review for clear and unmistakable error, which clearly falls within the Veterans Court's jurisdiction. *See* 38 U.S.C. § 7261(a)(1) (stating "[i]n any action brought under this chapter, the Court of Appeals for Veterans Claims, to the extent necessary to its decision and when presented, shall—(1) decide all relevant questions of law . . . ."). As a question of law, it is also within our jurisdiction under 38 U.S.C. §§ 7292(a) and (c).

Accordingly, we remand the case to the Veterans Court for it to decide the proper standard(s) for its review of the Board's determination in this case respecting CUE and then to decide whether under the applicable standard of review the denial of the CUE claim was reversible error. *See* 38 U.S.C. §§ 7261(a)(3) and (4).

## Conclusion

For the foregoing reasons, we vacate the dismissal by the Court of Appeals for Veterans Claims of Andrews' appeal and remand for a disposition on the merits in

accordance with this opinion, including the Veterans Court's standard of review for the disposition by the Board of Andrews' CUE claim.

Costs

Each party to bear its own costs.