# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1849

EDWARD R. ANDREWS, JR., APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided June 29, 2004   )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleadings for the appellant.

*Leigh A. Bradley,* General Counsel; *Ron Garvin*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Patricia Trujillo*, all of Washington, D.C., were on the pleadings for the appellee.

Before IVERS, STEINBERG, and GREENE, *Judges*.

GREENE, *Judge*, filed the opinion of the Court.  STEINBERG, *Judge*, filed an opinion concurring in part and dissenting in part.

GREENE, *Judge*:  The veteran, Edward R. Andrews, Jr., appealed through counsel a September 8, 1998, Board of Veterans' Appeals (Board) decision that found no clear and unmistakable error (CUE) in a July 1983 VA regional office (RO) decision that granted him service connection for post-traumatic stress disorder (PTSD) at a disability rating of 10%, or in a January 1985 RO decision that increased the rating for his service-connected PTSD from 10% to 30%. Record (R.) at 3.  On January 24, 2000, the Court, by single-judge order, dismissed Mr. Andrews' appeal on the basis that he had failed to allege any errors in the Board's decision and therefore had abandoned the only issues addressed by the Board. *Andrews v. West*, 17 Vet.App. 337 (2000) (table). Thereafter, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) vacated this Court's January 2000 order and directed the Court to "decide the proper standard(s) for [our] review of the

Board's determination in this case respecting CUE and then to decide whether under the applicable standard of review the denial of the CUE claim was reversible error." *Andrews v. Principi*, 25 Fed.Appx. 997, 998 (Fed. Cir. 2001).

On February 27, 2003, the Court, in a single-judge memorandum decision, affirmed the September 8, 1998, Board decision. *Andrews v. Principi*, No. 98-1849, 2003 WL 1791207 (Vet. App. Feb. 27, 2003). On March 14, 2003, the appellant, through counsel, filed a motion for reconsideration or, in the alternative, for a panel decision. On July 31, 2003, the Court, in a single-judge order, directed the Secretary to respond to the appellant's motion; his response was received on September 4, 2003. On March 23, 2004, the single judge denied reconsideration, but the panel granted the motion for a panel decision. The February 27, 2003, single-judge memorandum decision is withdrawn, and this opinion is substituted in its place. Because the Court finds no merit in the appellant's arguments, the Board decision will be affirmed.

## I. FACTS

Mr. Andrews served on active duty in the U.S. Army from October 1966 to March 1969, including service in Vietnam. R. at 15. A 1974 private hospital discharge summary listed diagnoses of a suicide attempt, depressive reaction, and schizoid personality. R. at 58. A November 1976 VA medical record listed a diagnosis of depression, and stated that the veteran "[h]as spent most of [the] time depressed to some extent for [the] last 6-7 y[ea]rs." R. at 64. Other VA medical records from November 1976 also indicated treatment for depression. R. at 66-71.

A January 1981 VA medical record noted that Mr. Andrews had been admitted to a VA hospital that month, and contained diagnoses of transitory atypical psychosis, PTSD, alcohol abuse in remission, and a passive aggressive personality disorder. R. at 83. After participation in a "Vietnam Stress Group", he was discharged with a prognosis of "[f]air to good." R. at 84. He submitted a statement detailing his experiences in Vietnam (R. at 86-87) and was scheduled for a VA medical examination, for which he failed to report (R. at 89, 91). As a result, in May 1981, an RO denied his claim, which appears to have been inferred from his prior statement (R. at 86-87). R. at 93.

2

In March 1983, Mr. Andrews sought to reopen his claim. R. at 96. The RO reopened his claim and in July 1983 awarded him service connection for PTSD, at a 10% rating. R. at 181. It appears that that decision was not appealed. *See* R. at 1-348. In September 1984, he asked for an increased rating for his service-connected PTSD. R. at 183. A December 1984 VA examination report recorded a diagnosis of PTSD, "severe and chronic." R. at 203-03. A January 1985 RO decision increased Mr. Andrews' PTSD rating from 10% to 30%. R. at 205-06. That decision apparently was also not appealed. *See* R. at 1-348.

In March 1995, Mr. Andrews sought a permanent total disability rating and argued that there was CUE in both the July 1983 and January 1985 RO decisions. R. at 297-98. A June 1995 RO decision awarded him a permanent and total rating for PTSD but found no CUE in either RO decision, after stating that Mr. Andrews' "assert[ion is] no more than a disagreement over matters of judgment and on this basis doesn't meet the regulatory definition of" CUE. R. at 307. In the September 1998 Board decision here on appeal, the Board concluded that, on the basis of the law and evidence in existence at the time, both the July 1983 and January 1985 RO decisions were correct, and that there was therefore no CUE in either decision. R. at 11-12. The Board further stated:

> The arguments by the veteran and his representative for CUE in the 1983 and 1985 [RO] decisions are no more than a simple disagreement with how the VA weighed and evaluated the facts, and as such, this does not rise to the level of CUE. The Court has stated that it must always be remembered that CUE is a very specific and rare kind of "error." It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. *Fugo v. Brown*, 6 Vet.App. 40, 43 (1993). The veteran has not pointed to such error in the subject [RO] decisions, and the Board is unable to discern such error.

R. at 12. Mr. Andrews then appealed to this Court.

In January 2000, this Court, in a single-judge order, dismissed the appeal from the Board's September 1998 decision; the Court stated:

> This Court has consistently held that any claims or issues not pursued on appeal are considered abandoned. *See Johnston v. Brown*, 10 Vet.App. 80, 86 (1997); *Phillips v. Brown*, 10 Vet.App. 25, 27 (1997); *Watai v. Brown*, 9 Vet.App. 441, 443 (1996); *Bucklinger v. Brown*, 5 Vet.App. 435 (1993). Here, the appellant has failed to allege any errors in the Board's decision and thus abandons the only

3

issues addressed by the Board. On the other hand, Mr. Andrews' counsel, citing *Luallen v. Brown*, 8 Vet.App. 92 (1995)[,] as legal authority, contends that questions of CUE are questions of law and thus subject to this Court's de novo review. . . . But the Court cannot discern in *Luallen* any valid basis for that position. Moreover, despite counsel's years of seasoned practice before this Court, he has not acknowledged case law that is contrary to this position or referred to controlling precedent.

*Andrews v. West*, *supra*. In December 2001, the Federal Circuit vacated this Court's January 2000 order and remanded the case "for a disposition on the merits in accordance with this opinion, including the Veterans Court's standard of review for the disposition by the Board of Andrews' CUE claim." *Andrews v. Principi*, 25 Fed.Appx. at 998-999. The Federal Circuit stated:

While Andrews may not explicitly state "the Board erred," the fact that he is challenging the Board's decision is clear, as the Board affirmed the [RO's] decision denying the CUE claim. Andrews stated in his brief to the Veterans Court that "contrary to both the [RO] and BVA's assertion, such a basis of CUE [,i.e, one alleging that the RO failed to consider all relevant facts of record in making its determination as to a disability rating,] is valid and does not constitute a 'dispute as to how the evidence was weighed.'" Appellant's Brief to Veterans Court at 11. This language clearly demonstrates that Andrews is indeed challenging the determination of the Board that all his [CUE] claim did was allege a defect in how the evidence was weighed. Clearly, Andrews was asserting that the Board erred in not discerning [CUE]. Therefore, it was error for the Veterans Court to dismiss the case on the ground that Andrews had failed to allege error in the Board's decision.

Additionally, in contending that the Board's decision was erroneous, Andrews argued that the Veteran's Court had to review this decision de novo, asserting that a determination respecting [CUE] is a question of law. We agree that Andrews clearly raised a question of law, namely: the proper standard of review for [CUE], which clearly falls within the Veterans Court's jurisdiction. *See* 38 U.S.C. § 7261(a)(1) . . . .

Accordingly, we remand the case to the Veterans Court for it to decide the proper standard(s) for its review of the Board's determination in this case respecting CUE and then to decide whether under the applicable standard of review the initial denial of the CUE claim was reversible error.

*Andrews v. Principi*, 25 Fed.Appx. at 998.

## II. ANALYSIS

Section 5109A of title 38, U.S. Code, provides that "a decision by the Secretary under this chapter is subject to revision on the grounds of [CUE]." 38 U.S.C. § 5109A. If the evidence establishes the error, "the prior decision shall be reversed or revised." *Id.* Section 3.105(a) of title 38, Code of Federal Regulations, provides that "[p]revious determinations which are final and binding . . . will be accepted as correct in the absence of [CUE]." 38 C.F.R. § 3.105(a) (2003). A motion by a claimant that there was CUE in a previous RO decision is a collateral attack on that decision. *See Smith* (*William*) *v. Brown*, 35 F.3d 1516, 1527 (Fed. Cir. 1994). Where evidence establishes such error, the prior decision will be reversed or amended. 38 C.F.R. § 3.105(a).

In *Russell v. Principi*, the Court defined CUE as follows:

> Either the correct facts, as they were known at the time, were not before the adjudicator or the statutory or regulatory provisions extant at the time were incorrectly applied. . . . [CUE] is the sort of error which, had it not been made, would have manifestly changed the outcome . . . [, an error that is] undebatable, so that it can be said that reasonable minds could only conclude that the original decision was fatally flawed.

*Russell*, 3 Vet.App. 310, 313 (1992) (en banc); *see also Bustos v. West*, 179 F.3d 1378 (Fed. Cir. 1999); *Damrel v. Brown*, 6 Vet.App. 242, 245 (1994) (quoting *Russell*, 3 Vet.App. at 313-14). A CUE allegation must identify the alleged error with "some degree of specificity." *Crippen v. Brown*, 9 Vet.App. 412, 420 (1996); *Fugo*, 6 Vet.App. at 44 (holding that "to raise CUE there must be some degree of specificity as to what the alleged error is and . . . persuasive reasons must be given as to why the result would have been manifestly different").

### A. Standard of Review

As noted above, in its review of this case, the Federal Circuit stated that Mr. Andrews had "clearly raised a question of law, namely: the proper standard of review for clear and unmistakable error," and charged this Court "to decide the proper standard(s) for its review of the Board's determination in this case respecting CUE." *Andrews v. Principi, supra.* This Court established more than 11 years ago the proper standard of review for considering Board decisions determining whether CUE had been committed in previous RO decisions:

> In *Russell*, this Court upheld as a valid regulation 38 C.F.R. § 3.105(a), and ruled that we have jurisdiction to review B[oard] decisions on claims that [CUE] had been

committed in previous [RO] determinations. [*Russell*], 3 Vet.App. at 312. We also held in *Russell* that the scope of our review of such decisions is necessarily limited by our jurisdictional statutes. *Id.*[] at 314-15. *We cannot conduct a plenary review of the merits of the original decision*; rather, we are limited to determining whether the B[oard]'s subsequent decision which has considered possible [CUE] in previous adjudications, the one on appeal before us, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C. § 7261(a)(3)(A) . . . ; *Russell*, [3 Vet.App.] at 314-15.

*Archer v. Principi*, 3 Vet.App. 433, 437 (1992) (emphasis added).

In accordance with the directives of the Federal Circuit, this Court here reiterates that the standard of review in this case as to the Board's decision (on the merit of the CUE allegation) is the same standard enunciated in *Archer*, *supra*, namely, determining whether the Board decision on appeal to this Court is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" in denying the CUE allegation. 38 U.S.C. § 7261(a)(3)(A). The appellant has not presented here a basis, nor can the Court fathom any, for establishing and applying in this case a standard of review different from the standard that has been consistently applied to appellants who, over the past 11 plus years, have alleged CUE in prior final RO decisions. Although *Archer* and *Russell* were decided before the CUE law was enacted in 1997, Pub. L. No. 105-111, § 1(a), 717 Stat. 2271 (1997), it has long been established that section 5109A "merely codified 38 C.F.R. § 3.105 and the Court of Appeals for Veterans Claims' long standing interpretation of CUE." *Bustos*, 179 F.3d at 1381 (citing *Donovan v. West*, 158 F.3d 1377, 1382-83 (Fed. Cir. 1998)). Mr. Andrews maintains that the Court, applying a de novo standard of review, should find CUE in the 1983 and 1985 RO decisions. Appellant's (App.) Brief (Br.) at 14. However, this contention *directly* contradicts our previous holding in *Archer*, *supra*, that "[w]e cannot conduct a plenary review of the merits of the original decision." There are only two circumstances, relating to a CUE matter, where the Court applies a de novo standard of review. The first is to decide whether the appellant, as a matter of law, has presented a valid CUE allegation, *see Phillips*, 10 Vet.App. at 30. However, *Phillips* is not applicable here, because the issue before the Court in this appeal is the Board decision on the merit of the appellant's CUE allegation, not whether it was properly presented. The second CUE component for de novo review is the question whether an applicable law or regulation was not applied, which also involves a question of law, *see Russell,* 3 Vet.App. At 319-20 (holding that

6

Board erred "as a matter of law" under 38 C.F.R. § 3.303(a) (1964), which requires "review of the entire evidence of record," when it denied the existence of highly probative "evidence that did indeed exist").

Therefore, the Court rejects the appellant's arguments that a de novo standard of review should be applied to the Board's CUE denial in this case. The standard of review of the Board's decision in this case will remain, as it has been since at least 1992, a standard that limits the Court to determining whether the Board decision on the merit of the CUE allegation was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," as provided for in 38 U.S.C. § 7261(a)(3)(A). *See*, *e.g.*, *Simmons v. Principi*, 17 Vet.App. 104, 111 (2003); *Beyrle v. Brown*, 9 Vet.App. 377, 382 (1996); *Eddy v. Brown*, 9 Vet.App. 52, 57 (1996); *Archer* and *Russell*, both *supra*.

Further, this Court has, on at least two occasions in the recent past, issued opinions *specifically* rejecting similar (if not identical) CUE standard-of-review arguments. *See Lane v. Principi*, 16 Vet.App. 78, 83-84 (2002), *aff'd*, 339 F.3d 1331 (Fed. Cir. 2003); *Andre v. West*, 14 Vet.App. 7, 11-12 (2000) (per curiam order), *aff'd sub nom. Andre v. Principi*, 301 F.3d 1354 (Fed. Cir. 2002). Indeed, in *Lane*, this Court explicitly rejected the major tenet of the argument that the appellant presents here, that "a CUE claim clearly constitutes a question of law that is subject to de novo review" (App. Br. at 8):

> We likewise reject that part of the appellant's first argument that contends that a CUE challenge is a "question of law" that entitles an appellant to both a review of the Board's decision, as well as a review by this Court on the merits. Although this Court has held that it will conduct de novo review of whether a viable CUE allegation has been presented to the Board, the Court has also consistently held that the question whether the BVA erred in determining that a prior decision did not contain CUE is reviewed by this Court under the "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" standard of review. 38 U.S.C. § 7261(a)(3)(A); *see Phillips*[, *supra*]; *see also Andre*[, *supra*] (holding same standard-of-review argument "meritless" and admonishing counsel for "arguing what he thinks the law should be without recognizing existing precedent"); *Russell*, [3 Vet.App. at 315].

*Lane*, *supra*.

Finally, the Court observes that the appellant's counsel, a seasoned practitioner before this Court, is required to acknowledge in his pleadings controlling precedent that is contrary to his position. Furthermore, to the extent that counsel was unaware of *Archer* when he submitted the brief on behalf of the appellant in this case (and the Court notes that this opinion was issued some seven years before that brief was filed), counsel is further reminded that, under Rule 30(b) of this Court's Rules of Practice and Procedure (Rules), "[w]hen pertinent and significant authorities come to the attention of a party after the party's brief has been filed or after oral argument but before the decision, a party *shall* promptly advise the Clerk, by letter, with a copy to all other parties, setting forth the citations." (Emphasis added.) *Cf. Abbs v. Principi*, 237 F.3d 1342, 1345 (Fed. Cir. 2001) ("[e]xamples of actions deemed sanctionable include, but are not limited to, . . . failing to reference or discuss controlling precedents"). As the highlighted text makes clear, the requirement of Rule 30(b) is a mandatory one. The Court trusts that, whatever the reason for the counsel's failure to acknowledge contrary controlling precedent in any filing in this case, counsel will endeavor to make sure such a lapse does not occur in the future.

## B. CUE

The Federal Circuit, in its remand order, directed that, after this Court decided upon the proper standard of review in this case, we then "decide whether under the applicable standard of review the denial of the CUE claim was reversible error." *Andrews v. Principi*, *supra*. Mr. Andrews states his CUE argument as follows: "In the present case[,] Mr. Andrews is challenging the [RO]'s failure to **consider all the evidence** of record in its prior ratings decisions." Br. at 12; *see* 3 C.F.R. § 3.303(a) (1982 and 1984). This is a question of law reviewed de novo by the Court, *see Russell, supra*.

As stated above, this Court held in *Archer* that "[w]e cannot conduct a plenary review of the merits of the original decision; rather, we are limited to determining whether the B[oard]'s subsequent decision which has considered possible [CUE] in previous adjudications, the one on appeal before us, was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Archer, supra* (quoting 38 U.S.C. § 7261(a)(3)(A)). In this case, the Board, after reviewing in some detail the evidence of record and the previous RO decisions, stated: "The arguments by the veteran and his representative for CUE in the 1983 and 1985 [RO] decisions are

8

no more than a simple disagreement with how the VA weighed and evaluated the facts, and as such, this does not rise to the level of CUE." R. at 12. After defining CUE as "the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error", the Board concluded that "[t]he veteran has not pointed to such error in the subject [RO] decisions, and the Board is unable to discern such error." *Id.*

Mr. Andrews has presented no more than a bald assertion of error in this case, and argued the following general proposition in support of such error: "The mere fact that the [RO] cites to or mentions evidence in passing[] does not mean that consideration or evaluation of all evidence of record was undertaken. The [RO] is required to *review* such evidence when making its rating decision." Br. at 13. The appellant's argument fails because the RO in its 1983 and 1985 decisions was not required even to *discuss* the evidence that it considered:

> However, the mere fact that the RO did not discuss [a specific] report in its decision or followup letter to the veteran does not make manifest that it did not consider it. Not until February 1990 were ROs required to include in their decisions "a summary of the evidence considered". 38 U.S.C. § 5104(b); *see* Veterans' Benefits Amendments of 1989, Pub.L. No. 101-237, § 115, 103 Stat. 2062, 2066 (1989). Hence, silence in a final RO decision made before February 1990 cannot be taken as showing a failure to consider evidence of record.

*Eddy*, 9 Vet.App. at 58. Given then that *silence* in a pre-February 1990 RO decision is not sufficient to establish a failure to consider evidence of record, the appellant's assertions that citation to or mention of evidence is insufficient to establish proper consideration of the evidence of record must fail. *Cf. Russell,* 3 Vet.App. at 319 (holding that RO erred in 1972 decision by denying the existence of evidence).

Further, even considering an apparently generous reformulation by the Federal Circuit of Mr. Andrews' inherently defective argument (i.e., "Andrews is indeed challenging the determination of the Board that all his [CUE] claim did was allege a defect in how the evidence was weighed"; "[c]learly, Andrews was asserting that the Board erred in not discerning [CUE]", *Andrews v. Principi*, *supra*), because the appellant failed to assert a specific error in the Board decision and provide persuasive reasons why the result, but for the error, would have been manifestly different, the Court can find no basis on which to conclude that the decision of the Board was arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law. *See Fugo*, *supra*. The Court also reviews Board decisions on CUE to decide whether the Board's determination is supported by an adequate statement of reasons or bases. *See Eddy v. Brown*, 9 Vet.App. 52, 57 (1996); *Russell*, 3 Vet.App. at 315. We find no reasons-or-bases deficiency in the instant Board decision.

### C. Roberson II and VBA

In his motion for reconsideration or panel decision, the appellant asserts that the Court overlooked both the Federal Circuit's opinion in *Roberson v. Principi*, 251 F.3d 1378 (Fed.Cir. 2001) (*Roberson II*), and the amendments made to 38 U.S.C. § 7261 by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, 116 Stat. 2819, 2833 (VBA). He argues that the "newly articulated standard set out in *Roberson*" requires a remand to the Board for readjudication. Motion (Mot.) at 10. He contends that the VBA amendments made to this Court's standard of review require a reconsideration of his case "based upon the newly amended standard of 'clearly erroneous' as articulated by the VBA." Mot. at 11.

The appellant's argument that the "newly articulated standard set out in *Roberson* [*II*]" requires a remand to the Board for readjudication (Mot. at 10) is without merit. In *Roberson II*, the Federal Circuit held that when a veteran submits evidence of a medical disability (for which he is in turn awarded service connection), claims the highest rating possible, and submits evidence of unemployability, as had the veteran in that case, VA must consider a rating of total disability based upon individual unemployability (TDIU), even if not specifically requested by the veteran. *Roberson II*, 251 F.3d at 1382-85. The Federal Circuit also stated:

> In *Hodge v. West*, 155 F.3d 1356 (Fed. Cir. 1998), we . . . determined that Congress has mandated that the VA is "to fully and sympathetically develop the veteran's claim to its optimum before deciding it on the merits." We see no basis for applying a different standard to a CUE claim, and we hold that []VA is thus required to consider a CUE claim using the standard of *Hodge*.

*Roberson II*, 251 F.3d at 1384. In *Szemraj v. Principi*, the Federal Circuit, in discussing *Roberson II*, recently stated the following:

> *Roberson* [*II*] did not change the well-established legal standard for determining the existence of CUE in RO and [Board] decisions. *See Cook* [*v. Principi*], 318 F.3d

[1334,] 1344 [(Fed. Cir. 2003) (en banc)]; *see also* 38 U.S.C. §§ 5109A, 7111 (2000). . . . All *Roberson* [*II*] requires is that VA give a sympathetic reading to the veteran's filings to determine all claims for recovery supported by a liberal construction of those allegations.

*Szemraj*, 357 F.3d 1370, 1375-76 (Fed. Cir. 2004). The Federal Circuit also reiterated its holding in *Roberson II* that VA is "required to consider a CUE claim using the standard of *Hodge* [(i.e., the duty to fully and sympathetically develop the veteran's claim to its optimum)]" and further stated that "*Roberson* [*II*] requires, with respect to all pro se pleadings, that the VA give a sympathetic reading to the veteran's filings by 'determining all potential claims raised by the evidence, applying all relevant laws and regulations.'" *Szemraj*, 357 F.3d at 1373 (quoting *Roberson II*, 251 F.3d at 1384).

Notwithstanding some interpretive issues (particularly in light of the requirement that CUE must be pled with some specificity, *see Andre*, *infra*) in the Federal Circuit's language in both *Szemraj* and *Roberson II*, the existing authority on CUE, which the Federal Circuit stated in *Roberson II* was not being changed, limits the potential interpretations of the *Roberson II* standard. Moreover, in *Moody v. Principi*, 360 F.3d 1306, 1310 (Fed. Cir. 2004), the Federal Circuit clarified that in adjudicating a CUE claim, VA is to sympathetically read the claimant's submissions to VA at the time of the decision being collaterally attacked (and not the appellant's CUE motion itself). Specifically, the Federal Circuit stated in *Moody*:

> The question is whether the BVA, as required by *Roberson*, sympathetically read Mr. Moody's filings prior to June 24, 1994, [the date of Mr. Moody's underlying claim, the decision in which is now being collaterally attacked,] in determining whether Mr. Moody made an informal claim for secondary service connection for his psychiatric disorder. The interpretation of these prior filings is essentially a factual inquiry, and it is beyond our jurisdiction to make that determination.

*Moody*, *supra*. Under *Moody*, the Board was to afford this sympathetic reading to those filings to see if the underlying decision contained CUE by virtue of a failure by VA to fully and sympathetically develop the veteran's claims, but Mr. Andrews' appeal must fail under that analysis because he has not asserted before the Board (or, for that matter, before this Court or the Federal Circuit) that VA failed to so develop his claim. "Because a CUE claim involves an allegation of an error with 'some degree of specificity,' a veteran's assertion of a particular clear and unmistakable

11

error by the RO constitutes a distinct claim." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002). Furthermore, if the Federal Circuit's three opinions were somehow to mean (although we believe that *Moody* shows that this is not what *Roberson II* was requiring) that VA is required to fully and sympathetically develop the appellant's CUE motion itself, Mr. Andrews has neither asserted that his CUE motion raised any additional claims not related to the prior final RO decisions (which, of course, can be reviewed for CUE only "based upon the evidence of record at the time of the original decision," *Cook*, 318 F.3d at 1344), nor asserted that VA failed to give a "sympathetic reading" to his CUE motion. Indeed, as to any such interpretation, we note that it would be difficult, if not impossible, to discern how an appellant could establish that VA had failed to give his CUE motion a sympathetic reading. Finally, we admit that we are puzzled by how "the well-established legal standard for determining the existence of CUE" can be considered unchanged by *Roberson*'s requirement that "VA give a sympathetic reading to the veteran's filings to determine all claims for recovery supported by a liberal construction of those allegations", *Szemraj*, 357 F.3d at 1375-76 (citing *Cook*, *supra*, for determination that *Roberson* did not change CUE standard), in light of *Cook*'s express reaffirmation of *Russell*, which held that the error must be "obvious" on the face of the record and "undebatable," *Russell*, 3 Vet.App. at 314; *Cook*, 318 F.3d at 1344-45 (noting how Congress had "explicitly endorsed the *Russell* interpretation of CUE").

Concerning the appellant's argument that the VBA amendments to section 7261 necessitate a remand for reconsideration of his case, he relies upon the following changes: (1) The addition of the phrase "adverse to the claimant" after "material fact" in section 7261(a)(4); (2) the addition of the words "or reverse" after "and set aside" in section 7261(a)(4); and (3) the addition of a new section 7261(b)(1), which states that the Court shall "take due account of the Secretary's application of section 5107(b) [(the 'benefit of the doubt' provision)] of this title." Mot. at 4. The appellant's arguments as to these points are long on exposition, but short on substance. On the first two points, he argues that these additions, along with the addition to section 7261(b) of the statement that the Court shall review the record of proceedings before the Secretary and the Board, mandate that "this Court must examine the Board's adverse findings of fact in light of the entire record in the exercise of independent judgment as to whether the Board's September 1998 decision was 'clearly erroneous'" based upon the evidence as it existed in 1983 and 1985. Mot. at 6. However, the statutory additions

cited by the appellant do not disturb our standard of review as to the Board decision on CUE. His arguments fail to account for the fact that our standard of review in this type of case is not based upon section 7261(a)(4), but rather upon section 7261(a)(3)(A), which has not been amended. *See Archer v. Principi*, 3 Vet.App. 433, 437 (1992).

Furthermore, the addition of section 7261(b)(1) could not have any application to our review of Board CUE decisions. In *Fugo*, 6 Vet.App. at 44, this Court stated that the issue of whether or not a claimant was accorded the benefit of the doubt was "an issue clearly within the 'weighing and evaluation' realm." As established in *Russell*, 3 Vet.App. at 313, "[t]he claimant [alleging CUE] . . . must assert more than a disagreement as to how the facts were weighed or evaluated" and the benefit-of-the-doubt "rule of 38 U.S.C. § 5107(b)[(1)] . . . could never be applicable" in assessing a CUE motion, *id.* at 314. The appellant presents no persuasive arguments as to why or how these precedents should be ignored in this case; hence, we will not do so.

Finally, nearly identical arguments regarding the effect of the VBA on this Court's standard of review were rejected in *Roberson v. Principi*, 17 Vet.App. 135, 139 (2003) (per curiam) (*Roberson III*) (finding that VBA amendments "have, by their language, made very little change to our standard of review," and that "the VBA, as written, does not effectuate . . . a change" in our standard of review). Although *Roberson III* did not specifically address our standard of review over Board determinations finding no CUE in prior RO decisions, it would be incongruous, particularly in light of the above analysis, for the Court to accept here the same arguments it has rejected in another, similar situation. Therefore, we hold that the statutory amendments cited by Mr. Andrews are not applicable to our standard of review in this matter. The Board decision will be affirmed.

## III. CONCLUSION

After consideration of the pleadings and a review of the record, the Court holds that Mr. Andrews has not demonstrated that the Board committed either legal or factual error that would warrant reversal or remand for his CUE allegation. The Court is also satisfied that the Board decision fulfills the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1). *See Eddy* and *Gilbert,* both *supra.*

AFFIRMED.

13

STEINBERG, *Judge*, concurring in part and dissenting in part: I join in the opinion of the Court except for the concluding paragraph of part II.C, which unnecessarily addresses a matter, the effect of the Veterans Benefits Act of 2002 (VBA), Pub. L. No. 107-330, § 401, 116 Stat. 2820, 2832 (Dec. 6, 2002), on the Court's standard of review. Because the preceding two paragraphs in the Court's opinion fully and completely dispose of the appellant's unpersuasive contention that the VBA somehow affected the Court's standard of review as to an appeal of a BVA denial of a CUE claim, there is no occasion for the opinion to address the more general question and thus refer to the Court's unwarranted – and, in my view, incorrect – dicta in *Roberson v. Principi*, 17 Vet.App. 135, 139 (2003) (per curiam order). Therefore, I dissent from the last paragraph of part II of the majority opinion; my specific views about these matters are set forth in my dissenting statement accompanying the full Court order in *Wells v. Principi* , __ Vet.App. __, No. 03-1014, 2004 WL 1053160 (May 11, 2004) (en banc per curiam order).

I note also the following about the discussion in part II.A of the Court's opinion (*ante* at 6-7, __ Vet.App. at __ ) regarding the standard of review of a Board denial that there was CUE in a prior final decision. I agree that the question whether an applicable law or regulation was not correctly applied is a question of law to be reviewed de novo by the Court. I note, however, that a Board determination that the adjudicator did not have before him or her "the correct facts, as they were known at the time", *Russell v. Principi,* 3 Vet.App. 310, 313 (1992) (en banc), and thus that no error was committed, might well be subject to review as a question of fact subject to the "clearly erroneous" standard under 38 U.S.C. § 7261(a)(4). The Board's decision on the ultimate question – Was there CUE in the prior decision? – is, of course, reviewable under the 38 U.S.C. § 7261(a)(3)(A) standard – "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", as correctly indicated in the Court's opinion, *ante* at 7-8, __ Vet.App. at __.