SCHOELEN, Judge,
concurring, in part, and dissenting, in part:
I write separately only to express my disagreement with the portion of the majority’s opinion that bifurcates the appellant’s CUE motion and denies, as a matter of law, any allegation based on Hyson v. Brown, 5 Vet.App. 262 (1993). See ante at 235-36. I concur in the majority opinion to the extent that it holds that the allegations of CUE put forth by the appellant were sufficiently specific and thus should have been addressed on their merits by the Board below. See Andrews v. Principi, 18 Vet.App. 177, 181 (2004) (“A CUE allegation must identify the alleged error with ‘some degree of specificity.’ ”) (citing Crippen v. Brown, 9 Vet.App. 412, 420 (1996); Fugo v. Brown, 6 Vet.App. 40, 44 (1993)); 38 C.F.R. § 20.1404(b) (2008). Specifically, I agree that the Board erred by neglecting to consider whether lack of notice of a VA medical examination could constitute an “adequate reason” for a veteran’s failure to attend. Ante at 235-36; see 38 C.F.R. § 3.251(a) (1957). I respectfully disagree, however, with the majority’s determination that the appellant raised a separate theory of CUE based on Hyson, which the Board may not consider in the first instance.
It is not at all clear to me that the Court can appropriately distinguish the appellant’s “good cause” theory of CUE from any argument relying on Hyson. Rather, Hyson is simply one authority that the appellant cites in support of his “good cause” CUE motion, which should be considered by the Board when evaluating the merits of this motion on remand. The crux of the appellant’s CUE motion rests on VA’s interpretation of 38 C.F.R. § 3.251(a) — in particular, the contention that, had VA construed the appellant’s lack of notice as an “adequate reason” for missing an examination under 38 C.F.R. § 3.251(a), his benefits would not have been terminated in 1957. Appellant’s Brief (Br.) at 9-10 (“The Board ... failed to [address] the threshold issue under the VA regulation ... of whether the veteran had failed ‘without adequate reason to report for physical examination.’ ” (quoting 38 C.F.R. § 3.251(a))); see also id. at 8 (“Had [VA] applied the regulation properly, it would have realized that the appellant had good reason for not reporting for the examination scheduled ... i.e.[,] that he did not receive the notice to report.”). Nothing in the appellant’s brief or the record suggests that the appellant intended to raise a distinct theory of CUE based on a single case. He simply cites Hyson for the proposition that “[w]here the termination of benefits is at issue and notice *238 of a scheduled examination has been returned, the VA bears the burden of showing that the veteran lacked adequate reason or good cause for failing to report for a scheduled examination.” Appellant’s Br. at 9 (emphasis omitted).
The majority acknowledges that the nature of the appellant’s CUE “claims” is far from clear. See ante at 233 (noting that “[t]he appellant’s allegation of CUE is at best muddled,” but “[c]haritably interpreted, [his] allegation of CUE is twofold”). Nonetheless, it goes on to decide the merits of his “claim.” Ante at 235 (concluding that “as a matter of law, the appellant’s allegation of CUE that relies on Hyson cannot support a valid CUE motion”). The majority’s finding that the appellant was not prejudiced by the Board’s failure to consider an alleged “theory” of CUE based on Hyson effectively precludes VA from hearing any related future argument, because there is now a final denial of this portion of his CUE motion by the Court. See Link v. West, 12 Vet.App. 39, 44 (1998) (“Under the principle of res judicata, ‘[o]nce there is a final decision on the issue of [CUE] ... that particular claim of [CUE] may not be raised again.’ ” (quoting Russell v. Principi, 3 Vet.App. 310, 315 (1992) (en banc))).
Further, I cannot agree that this Court is in the position to find, as a matter of law, that the appellant failed to demonstrate CUE in the 1957 RO decision. It is well established that the Court has only limited authority to review final decisions of the Board on the basis of CUE. See Russell, 3 Vet.App. at 315. Rather, the Court’s jurisdiction over the appellant’s CUE motion is limited to a determination of whether he pled CUE with sufficient specificity, a question that we consider de novo. See Andrews, 18 Vet.App. at 182 (“There are only two circumstances, relating to a CUE matter, where the Court applies a de novo standard of review. The first is to decide whether the appellant, as a matter of law, has presented a valid CUE allegation.” (citing Phillips v. Brown, 10 Vet.App. 25, 30 (1997))). The majority acknowledges this limitation on our jurisdiction, but attempts to circumvent it by asserting that we are obligated to “take due account of the rule of prejudicial error.” Ante at 236 (quoting 38 U.S.C. § 7261(b); Conway v. Principi, 353 F.3d 1369, 1375 (Fed.Cir.2004)).
Our caselaw clearly prohibits the Court from conducting a de novo review of the merits of an appellant’s CUE motion, even while assessing prejudice. See Andrews, 18 Vet.App. at 181-82 (declining to apply a de novo standard of review to the Board’s denial of motions to revise on the basis of CUE). The Court may assess only whether the Board’s denial of a CUE motion was “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.” Id. at 181 (citing 38 U.S.C. § 7261(a)(3)(A)); Archer v. Principi, 3 Vet.App. 433, 437 (1992); see also Russell, 3 Vet.App. at 320 (noting that the determination of whether an error constitutes CUE is a “task for the Board in the first instance,” as it is “not appropriate for [an appellate court] to make a de novo finding [of material fact] based on the evidence”) (quoting Webster v. Derwinski, 1 Vet.App. 155, 159 (1991)). The majority’s analysis results in precisely that which our caselaw prohibits. It is important to note that the Board in this case did not deny the appellant’s CUE motion on the merits, but rather dismissed it based on a pleading insufficiency. R. at 16, 19. Absent a Board decision adjudicating the merits of his motion, we lack the authority to resolve those issues sua sponte. See Russell, 3 Vet.App. at 315 (“[T]he issue [of CUE] must have been adjudicated below. The necessary jurisdictional ‘hook’ for this Court to act is a decision of the [Board] on the specific *239 issue.”); cf. Mayfield v. Nicholson, 444 F.3d 1328, 1334 (Fed.Cir.2006) (“[A] court reviewing an agency decision generally may not sustain the agency’s ruling on a ground different from that invoked by the agency.” (citing Sec. & Exch. Comm’n v. Chenery Corp., 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943); Bivings v. U.S. Dep’t of Agric., 225 F.3d 1331, 1335 (Fed.Cir.2000))). The majority states that it is simply affirming the decision below as part of the routine application of the rule of prejudicial error. However, this Court has never extended the application of prejudicial error this far. I believe that once the Court finds, as it does here, that the appellant has pled CUE with sufficient specificity, it must remand the matter for consideration by the Board in the first instance. I simply cannot accept the majority’s position that we may disregard the established confines on our jurisdiction, even in the context of assessing prejudice.
In sum, I believe that the appropriate remedy in this case is to vacate the Board decision in part and remand the appellant’s entire CUE motion to the Board for adjudication on the merits. Because the appellant has pled CUE with sufficient specificity, see Andrews, Crippen, and Fugo, all supra, the Board must be given the opportunity to evaluate the merits of this motion, including any arguments based on Hyson, if the appellant chooses to assert them. Further, I do not believe that it is appropriate for the Court to assess the merits of the appellant’s CUE motion in the Board’s stead. Therefore, I must respectfully dissent, in part, from the majority opinion.