# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 10-2975

JERROLD C. BOWEN, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued April, 11, 2012                                  Decided June 29, 2012)

*Daniel J. Neilsen*, of Seattle, Washington, for the appellant.

*Will A. Gunn,* General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Nisha C. Wagle*, Deputy Assistant General Counsel; and *Jesse B. Greenstein,* all of Washington, D.C., for the appellee.

Before KASOLD, *Chief Judge*, and DAVIS and SCHOELEN, *Judges.*

KASOLD, *Chief Judge*: Vietnam and Persian Gulf war veteran Jerrold C. Bowen appeals through counsel an August 11, 2010, decision of the Board of Veterans' Appeals (Board) that denied a request to reopen a claim for benefits for muscular dystrophy because he had not submitted new and material evidence. Mr. Bowen argues that he was denied Due Process when the regional office (RO) mailed his hearing notice to an incorrect address, and that the Board erred by not considering whether he raised an allegation that his 1994 rating decision was the product of clear and unmistakable error (CUE). The Secretary does not dispute that Mr. Bowen effectively was denied a hearing by the RO through an inadvertent administrative error but argues that Mr. Bowen was not denied Due Process and that the error was not prejudicial. The Secretary also argues that the Board did not have jurisdiction over any assertion by Mr. Bowen that the 1994 rating decision contained CUE and therefore the Court lacks jurisdiction over that matter. For the reasons set forth below, the decision of the Board will be affirmed.

## I. FACTS

Mr. Bowen filed a claim with the RO in June 2007, stating that he "wish[ed] to file a claim for service connection for PTSD and muscular dystrophy." R. at 211. Despite a 1994 RO decision that denied Mr. Bowen's claim for muscular dystrophy because it was not service connected, the RO initially treated Mr. Bowen's 2007 claim as an "application for service-connected compensation." R. at 165. In November 2007, however, the claim was reclassified as a claim to reopen the 1994 RO decision based on new and material evidence. The claim was denied in a July 8, 2008, rating decision because Mr. Bowen had not submitted new and material evidence. Mr. Bowen filed a Notice of Disagreement (NOD) stating that he disagreed with the decision "which denie[d] service connection for muscular dystrophy." R. at 108.

A Statement of the Case was issued in October 2008, continuing the denial of Mr. Bowen's claim and informing Mr. Bowen of his right to a hearing. Pursuant to Mr. Bowen's request for a hearing, one was scheduled, but notice was sent to an outdated address and Mr. Bowen did not appear at the scheduled hearing. In November 2009, Mr. Bowen's accredited representative submitted an argument noting that the issue was whether "evidence is material to service connection for muscular dystrophy," and contending that Mr. Bowen "believes his condition was aggravated [by] his active duty as documented in his treatment records from the [P]residio, San Francisco, CA." R. at 31.

Mr. Bowen's appeal was certified to the Board on December 23, 2009, and he was informed that he could (1) personally appear before the Board, (2) send the Board additional information, and (3) appoint a representative or change his representative. Mr. Bowen's accredited representative sent an Informal Hearing Presentation (IHP), along with a 1991 Army Medical Evaluation Board (MEB) report. The IHP stated, inter alia, that (1) "at issue [was e]ntitlement to an increased rating for muscular dystrophy," (2) the presumption of soundness should apply, and (3) the Board should accept the MEB determination that Mr. Bowen's muscular dystrophy was incurred in, and aggravated by, service. R. at 14-15. The Board treated the claim solely as one to reopen based on new and material evidence, and denied his claim to reopen, finding that new and material evidence had not been presented.

## II. THE PARTIES' ARGUMENTS

### A. Due Process

Mr. Bowen contends that the RO's failure to properly notify him of the date and time of his hearing violated his Due Process rights guaranteed by the Fifth Amendment of the U.S. Constitution and 38 C.F.R. § 3.103(c)(1). In light of his absence from the RO hearing through no fault of his own, Mr. Bowen argues that another hearing before the RO should have been rescheduled and essentially argues the failure to do so deprived him of a meaningful opportunity to participate in the processing of his claim in violation of his Due Process rights.

The Secretary responds that, even assuming he was at fault for not providing a subsequent hearing before the RO, Mr. Bowen's Due Process rights were not violated because he was notified of his opportunity for a hearing before the Board, and he chose not to pursue such a hearing. Moreover, the Secretary notes that the effective date for the award of benefits predicated on a finding of CUE in an earlier decision is the same regardless of when the request for revision is filed. *See Flash v. Brown*, 8 Vet. App. 332, 340 (1995). Accordingly, assuming error in not rescheduling the RO hearing, and because he was subsequently offered a hearing at the Board and the effective date for an award based on CUE receives the same effective date regardless of when the request for revision is filed, the Secretary argues that Mr. Bowen nevertheless cannot demonstrate prejudice from that error.

Mr. Bowen's briefing in response to the Secretary was confusing, but after extensive questioning at oral argument, it was clarified that Mr. Bowen believes that the denial of a hearing at the RO level prevented him from clarifying that he sought revision of the 1994 RO decision based on CUE.[1]

### B. CUE

In his briefing, Mr. Bowen essentially argues that the Board erred by not considering his reasonably raised argument that the 1994 RO decision was the product of CUE. At oral argument, he clarified that (1) the Board should have construed liberally the IHP and document submission as a request for revision of the 1994 RO decision based on CUE, and should have remanded that matter

---

[1] This specific argument was not presented in Mr. Bowen's briefs to the Court and was elicited only in response to questioning at oral argument.

for expedited adjudication pursuant to 38 U.S.C. § 5109B, and (2) the denial of a hearing at the RO level prevented him from asserting his CUE request in the first instance.

The Secretary contends that the Board did not have jurisdiction over a request for revision of the 1994 RO decision based on CUE because that matter was neither reasonably raised before nor adjudicated by the RO. And, because the Board did not have jurisdiction over that matter, the Court lacks jurisdiction over it as well. The Secretary also argues that the IHP does not reasonably raise a request for revision based on CUE, and further notes that, assuming CUE was raised to the Board, referral, not remand, would have been the appropriate remedy. Because referral does not confer expedited treatment, and because the effective date for a successful request for revision based on CUE is the same regardless of when the request is filed, the Secretary argues that Mr. Bowen cannot obtain any relief from the Court that he otherwise could not get by filing his request for revision with the RO.

### III. ANALYSIS

#### A. Due Process

The Secretary does not dispute that Mr. Bowen essentially was denied a hearing at the RO, in violation of § 3.103(c)(1). Rather, the Secretary argues that Mr. Bowen was afforded Due Process by his right to appeal and the offer to be heard before the Board, such that Mr. Bowen cannot demonstrate prejudice from the fact he was not provided a hearing at the RO.

The Secretary's argument is persuasive. The record reflects, and there is no dispute, that Mr. Bowen was notified at his correct address that he could have a hearing before the Board, but chose not to request that hearing. The right to appeal to the Board, including the right to a hearing at the Board, is provided to permit and facilitate de novo review of the appellant's claim as well as to permit the Board to correct RO errors or to remand the erroneous matters to the RO for correction. *See* 38 U.S.C. § 7104 (an appellant is entitled to "one review on appeal to the Secretary"); *Disabled Am. Veterans v. Sec'y of Veterans Affairs*, 419 F.3d 1317, 1319 (Fed. Cir. 2005) ("[T]he Board conducts de novo review of [RO] proceedings based on the record."); 38 C.F.R. § 19.9(a) (2011) ("If further evidence, clarification of the evidence, correction of a procedural defect, or any other action is essential for a proper appellate decision, [the Board] shall remand the case to the agency of

4

original jurisdiction, specifying the action to be undertaken.").

Despite being provided an opportunity to appear at a Board hearing or to submit additional evidence, at no point in the proceedings before the Board did Mr. Bowen contest the fact he was not provided a hearing at the RO level, or, as discussed in further detail below, apprise the Board of his intent to seek review of the January 1994 RO decision based on CUE. Instead, Mr. Bowen submitted an IHP taking issue with the 2008 RO decision and asking the Board to reweigh the evidence. Moreover, irrespective of whether Mr. Bowen asserted his CUE request before the RO or the Board, the Secretary correctly notes that a meritorious request for revision receives the same effective date. *See Flash*, *supra*. Under these circumstances, Mr. Bowen fails to demonstrate prejudice. *See Shinseki v. Sanders*, 556 U.S. 396, 406 (2009) (appellant has burden of demonstrating prejudice); *Overton v. Nicholson*, 20 Vet.App. 427, 435 (2006) (no prejudice if error does not affect the essential fairness of the adjudication).

In sum, inasmuch as Mr. Bowen was provided notice of his right to appeal to the Board, as well as the right to a hearing at the Board, as well as the fact that a meritorious request for revision based on CUE receives the same effective date regardless of when filed, Mr. Bowen fails to demonstrate a violation of Due Process in the processing of his claim or that he was prejudiced by the failure of the Secretary to provide a hearing at the RO level. *Sanders*, *supra*.

## B.  CUE

We agree with the Secretary that, even with a sympathetic reading, Mr. Bowen's IHP does not constitute a request for revision of the 1994 RO decision based on CUE. Although we have held that the requirement to sympathetically read the pleadings of a pro se claimant applies to pleadings that might constitute a request for revision based on CUE, a claimant nevertheless must indicate an intent to seek revision and state what constitutes CUE with some degree of specificity. *See Canady v. Nicholson*, 20 Vet.App 393, 401-02 (2006) (noting that in reading a pro se request for CUE sympathetically "the Board should view the claim in light of the fact that it is the assertion of CUE itself that requires specificity," but "a manifestly changed outcome might be inferred from pro se pleadings"); *Andrews v. Principi*, 18 Vet.App. 177, 181 (2004) (holding that "[a] CUE allegation must identify the alleged error with some degree of specificity," and the question of whether an appellant has presented a valid CUE allegation is a question of law that the Court reviews de novo);

5

*see also Acciola v. Peake*, 22 Vet.App. 320, 326 (2008) ("[A] CUE theor[y] [is] more likely to be successful when the claimant . . . clearly intends to raise it.").

There is no contention that the IHP submitted by Mr. Bowen to the Board specifically asserts CUE in the 1994 RO decision. Moreover, the IHP submitted by Mr. Bowen is, at best, confusing. Despite the fact that a claim to reopen was processed by the RO and certified for appeal to the Board, the IHP cites the matter on appeal as entitlement to an increased rating. The IHP thereafter asserts the contention that Mr. Bowen's muscular dystrophy is service connected, a fact not at issue in an increased-rating claim. The IHP then notes that the 2008 RO decision misinterpreted the 1991 Army MEB report when denying Mr. Bowen's claim to reopen, and asks the Board to accept the Army MEB (submitted by Mr. Bowen for inclusion with his claims file)[2] as evidence that his muscular dystrophy is service connected.

Although a confusing brief lends itself to misunderstanding on the part of the reader, a fair and sympathetic reading of Mr. Bowen's IHP is that (1) he believed the 2008 RO decision was erroneous, (2) the 1991 MEB report should be included in the claims file, and (3) the Board should weigh the evidence in favor of Mr. Bowen. Of note, the IHP fails to mention any error in the 1994 RO decision – indeed, it fails to mention the 1994 RO decision at all – and Mr. Bowen fails to demonstrate that the Board clearly erred when it did not construe Mr. Bowen's IHP as a request for revision of the 1994 RO decision based on CUE. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (appellant bears burden of demonstrating error on appeal).

Moreover, even if the Board had perceived Mr. Bowen's IHP as a request for revision of the 1994 RO decision, the Secretary correctly notes that the proper remedy would have been a referral, not a remand. This is because requests for revision of an RO decision based on CUE must first be submitted to and adjudicated by the RO before the Board can attain jurisdiction over the request. *Jarrell v. Nicholson*, 20 Vet.App. 326, 334 (2006) (en banc). And, when the Board lacks jurisdiction over a matter, the referral of the matter to the RO is the appropriate action. *Id.*; *Godfrey v. Brown*, 7 Vet.App. 398, 409-10 (1995) (finding the Board's referral appropriate when it lacked jurisdiction to address a newly raised claim, and remand appropriate when it had jurisdiction to address a claim

---

[2] Although Mr. Bowen submitted the MEB for inclusion in his claims file, the Board found that the MEB already was in Mr. Bowen's claim file, and therefore it was not new and material evidence.

but the proper evidentiary development had not been completed).

In this case, Mr. Bowen does not allege that he submitted a CUE request to the RO. However, he may file a request for revision of the 1994 RO decision at any time, without prejudice to the effective date of any award that might be forthcoming. *Flash*, *supra*. Indeed, Mr. Bowen's briefing to the Court may constitute such a request that the Secretary should discuss with Mr. Bowen and be prepared to proceed to adjudicate. *See Landicho v. Brown*, 7 Vet.App. 42, 50 (1994) (noting that filings at the Court may be sufficient indication of intent to file a claim); 38 C.F.R. § 3.155(a) (2011) (requiring the Secretary to provide an application form upon receipt of an informal claim); *see also DiCarlo v. Nicholson*, 20 Vet.App. 52, 56-57 (2006) (advising the appellant to ask the Secretary to adjudicate an unadjudicated claim in the first instance and seek relief from the Court only if the Secretary refuses to process the request).

## IV. CONCLUSION

Upon consideration of the foregoing, the Board's August 11, 2010, decision is AFFIRMED.