Citation Nr: 1438744 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 10-48 778 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky


THE ISSUE

Entitlement to an effective date earlier than July 9, 1991, for the grant of service connection for asthma. 


REPRESENTATION

Appellant represented by: Kentucky Department of Veterans Affairs


ATTORNEY FOR THE BOARD

J. Davitian, Counsel


INTRODUCTION

The Veteran had active service from July 1963 to May 1964. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a July 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky, that held that new and material evidence had not been received to reopen a claim for effective date for service connection for asthma prior to July 9, 1991. When this issue was previously before the Board in November 2010 and January 2014, it was remanded to the RO for additional development. 

This issue was previously characterized as whether new and material evidence had been received to reopen the claim. However, in light of the discussion below, the Board has recharacterized the issue as listed on the title page of this decision.

The case is now before the Board for final appellate consideration.


FINDINGS OF FACT

1. A February 2001 Board decision denied a claim for an effective date earlier than July 9, 1991, for the grant of service connection for asthma and notified the Veteran of the denial and his appellate rights; the Veteran did not initiate a timely appeal. 

2. In October 2008, the Veteran improperly filed a freestanding claim for an effective date earlier than July 9, 1991, for the grant of service connection for asthma without asserting clear and unmistakable error (CUE) in the February 2001 Board decision. 


CONCLUSION OF LAW

The Veteran's freestanding claim for an effective date earlier than July 9, 1991, for the award of service connection for asthma must be dismissed. 38 U.S.C.A. § 7104(b) (West 2002); Rudd v. Nicholson, 20 Vet. App. 296, 299-300 (2006).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2013). These duties have no effect on this appeal since the resolution of this issue is solely one of statutory interpretation such that the claim is barred as a matter of law. 38 C.F.R. § 3.159(b)(3)(ii), (d); Manning v. Principi, 16 Vet. App. 534, 542-543 (2002); Smith v. Gober, 14 Vet. App. 227, 230 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002), cert. denied, 537 U.S. 821 2002). See also Sabonis v. Brown, 6 Vet. App. 426 (1994); VAOPGCPREC 5-2004 (June 23, 2004).

Turning to the merits of the claim, the Board contends that the effective date for the grant of service connection for asthma should be earlier than July 9, 1991. 

The United States Court of Appeals for Veterans Claims (Court) held that appellants are prohibited from collaterally attacking a prior final rating decision by filing a freestanding earlier effective date claim. The Court explained that, once a rating decision which establishes an effective date becomes final, the only way that such a decision can be revised is if it contains CUE. The Court noted that any other result would vitiate the rule of finality. Rudd v. Nicholson, 20 Vet. App. 296 (2006). In other words, there are no freestanding claims for an earlier effective date. The Veteran must timely appeal the VA rating decision or Board decision that assigned the effective date in question. If an untimely freestanding claim for an earlier effective date is raised, the Court has held that such an appeal should be dismissed. Id. at 299-300. 

Although there are numerous exceptions to the rule of finality and application of res judicata within the VA adjudication system, a new and distinct claim for an earlier effective date is not one of the recognized statutory exceptions to finality. See DiCarlo v. Nicholson, 20 Vet. App. 52 (2006).

In the present case, a February 1999 rating decision granted service connection for asthma. This implemented a January 1999 Board decision, which resulted from an appeal to the Court. The effective date of the grant was July 9, 1991. The Veteran appealed the effective date. The February 2001 Board decision upheld the effective date of July 9, 1991. The Veteran did not subsequently file an appeal with the Court within 120 days from the date of mailing of the Board's decision and it became final. 38 U.S.C.A. § 7104(b).

The Veteran is accordingly left with only one option in his attempt to obtain an earlier effective date for the grant of service connection for asthma: a claim alleging that the February 2001 Board decision contained CUE. See 38 C.F.R. § 3.105. 

To date, the issue of CUE in the February 2001 Board decision has not been raised by the Veteran and is not before the Board at this time. In this regard, a January 2014 VA letter to the Veteran, provided pursuant to the Board's remand instructions, informed him of the relevant information regarding CUE claims. 

Nevertheless, the Veteran failed to raise a CUE claim. In January 2014 correspondence, he indicated that he had enclosed all the remaining information or evidence that would support his claim, or had no other information or evidence to give VA to support his claim. He asked that VA please decide his claim as soon as possible. 

Even a sympathetic reading of the Veteran's various submissions does not indicate that he has raised a claim of CUE with the February 2001 Board decision. See Andrews v. Nicholson, 421 F.3d 1278, 1282 (Fed. Cir. 2005) (citing Szemraj v. Principi, 357 F.3d 1370, 1373 (Fed. Cir. 2004)) (finding that VA is obligated to sympathetically read the filings of a pro se veteran). See also Bowen v. Shinseki, 25 Vet. App. 250 (2012) (noting that although the requirement to sympathetically read the pleadings of a pro se claimant applies to pleadings that might constitute a request for revision based on CUE, a claimant must still indicate an intent to seek revision and state what constitutes CUE with some degree of specificity). 

Here, in October 2008 the Veteran filed an untimely freestanding claim for an earlier effective date for the award of service connection for asthma. Under these circumstances, dismissal is required due to the lack of a proper claim. See Rudd, 20 Vet. App. at 300. Therefore, based on the procedural history of this case, the Board dismisses the claim for an earlier effective date for the grant of service connection for asthma without prejudice to the Veteran. See also Sabonis, supra (holding that, where the law is dispositive, the claim must be denied due to an absence of legal entitlement).


ORDER

The freestanding claim for an effective date for service connection for asthma prior to July 9, 1991, is dismissed.



____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs