**Michael F. HYSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–1604.

United States Court of Veterans Appeals.

Argued May 18, 1993.

Decided June 22, 1993.

---

24. *See* 58 Fed.Reg. 16358 (Mar. 26, 1993) (providing that the regulation would be effective as of March 26, 1993, the date of its promulgation).

Ronald L. Smith, Washington, DC, for appellant.

Rudrendu Sinhamahapatra, with whom James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, and R. Randall Campbell, Deputy Asst. Gen. Counsel, Washington, DC, were on the brief, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Michael F. Hyson, is appealing a June 26, 1991, Board of Veterans' Appeals (Board or BVA) decision which denied entitlement to an earlier effective date for a 10% evaluation for a service-connected back disability. *Michael F. Hyson*, BVA 91–18735 (June 26, 1991). The Board found that the veteran, through his inaction had abandoned his claim until September 1986, when he filed for increased compensation. *See* 38 C.F.R. § 3.158(a) (1992); *Hyson*, BVA 91–18735, at 8. The Secretary of Veterans Affairs (Secretary) contends that appellant abandoned his claim because he failed to respond, without adequate reason, to an order to report for a Veterans' Administration (now Department of Veterans Affairs) (VA) examination. The Court will reverse the BVA decision.

## I. BACKGROUND

Appellant served in the Air Force from December 29, 1951, to December 8, 1955. On March 6, 1962, he filed a claim for VA compensation for spondylolisthesis. He listed his address as Whitewater, Missouri. A VA examination was performed in April 1962. Appellant listed his address as Whitewater, Missouri, when he reported for the examination. On May 2, 1962, appellant was granted a 10% rating for service-connected spondylolisthesis. The VA mailed a letter to appellant at his Whitewater, Missouri, address, informing him that he had been awarded service connection. The letter notified appellant that because he had received disability severance pay of $4,800.00 upon separation from service, the 10% VA compensation award was subject to recoupment of the severance pay. Therefore, he received no actual disability payment and had no prospect of doing so for several years.

Because appellant's back condition was not static, his rating was contingent on future examinations. In May 1967, the VA sent a notice for appellant to report for a physical examination. The notice was addressed to appellant at 3650 Illinois Avenue, Apt. 2, St. Louis, Missouri. (Appellant resided in Whitewater, Missouri, until some time in 1963. He moved his residence to 3650 Illinois Avenue, St. Louis, Missouri, in 1963, and in 1964 moved again to 447 Golden Valley Drive, St. Louis, Missouri. Appellant claims he intended to retain Whitewater, Missouri, as his permanent address for VA compensation purposes.) Appellant did not report for the examination. On November 16, 1967, the VA sent a notice of termination of payments to appellant at the 3650 Illinois Avenue address. The notice was returned to the VA on November 28, 1967, as undeliverable because appellant had moved and left no forwarding address with the postmaster.

On August 26, 1986, appellant filed a claim seeking an increase in his rating for his service-connected disabilities. The VA responded with a letter to appellant dated October 20, 1986, which requested that appellant submit evidence of his current condition or treatment. On November 20, 1986, the VA noted that appellant had not replied.

On April 8, 1988, appellant sought to reopen his claim. Appellant underwent a VA physical examination on May 24, 1988. The examining physician found that appellant had undergone bone graft surgery in 1980, and was still experiencing residual low back discomfort with limitation of motion. In a rating decision dated July 14, 1988, the VA awarded a 10% evaluation for spondylolisthesis, effective from April 8, 1988, the date appellant reopened his claim. The VA found the evidence was insufficient to evaluate appellant's claim for the period of December 1, 1967, through April 8, 1988.

Mr. Hyson appealed to the Board. A personal hearing was held on May 9, 1989. Appellant testified that Whitewater, Missouri, was his address of record and that he wanted the VA to send his correspondence to that address. Appellant stated that he had bought a house with a VA home loan guaranty in 1964, and gave his address for that purpose as 3650 Illinois Avenue, St. Louis, Missouri. The address of the house he purchased and moved to was at 447 Golden Valley Drive, St. Louis, Missouri. On May 22, 1989, the hearing officer issued a decision finding that appellant had abandoned his claim and finding that appellant reopened his claim on August 25, 1986. Appellant continued his appeal.

On June 26, 1991, the BVA issued a decision denying entitlement to an earlier effective date for a 10% evaluation for a service-connected back condition. The Board found that "when he did not keep the VA apprised of his latest physical address, he abandoned his claim." *Hyson*, BVA 91–18735, at 7. The BVA noted that appellant had had no contact with the VA from 1964 until he reopened his claim in 1986. During this time he had not inquired about his benefits. The BVA determined that appellant would have been on notice by virtue of the initial award letter that benefits could have resumed several years prior to 1986.

A timely appeal to this Court followed.

## II. ANALYSIS

The initial notice to report for a physical examination which was sent to the 3650 Illinois Avenue address was reasonable. This appears to have been an address on file with the Regional Office. However, under the *peculiar facts of this case*, and where the termination of benefits was in issue, the returned notice should have triggered reexamination of the file to determine whether another address was available.

 The record in this appeal shows that in 1967, when the notice to report and the notice of proposed termination were sent by the Secretary to appellant, the files of the VA contained at least two other addresses for appellant: 447 Golden Valley Drive, where appellant was residing pursuant to a home loan guaranteed by the VA and the unchanged Whitewater address, from which he filed his initial claim. Under

the circumstances, just as in *Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992), the burden is on the Secretary to demonstrate that notice was sent to appellant's "latest address of record." In addition, the Secretary must show that appellant lacked "adequate reason" (*see* 38 C.F.R. § 3.158(b) (1992)), or "good cause" (*see* 38 C.F.R. § 3.655 (1992)) for failing to report for the scheduled examination. The Secretary has failed to shoulder either burden; he has neither demonstrated that Illinois Avenue was the "latest address of record," nor that appellant lacked "adequate reason" or "good cause" for failure to report for a scheduled examination. Therefore, as a matter of law, pursuant to 38 C.F.R. §§ 3.158 and 3.655, the Board erred when it concluded that appellant abandoned his claim in 1967.

The Court stresses that the holding of this case should not be read in a context different from the peculiar facts of this case. In the normal course of events, it is the burden of the veteran to keep the VA apprised of his whereabouts. If he does not do so, there is no burden on the part of the VA to turn up heaven and earth to find him. It is only where a file discloses other possible and plausible addresses that an attempt should be made to locate him at the alternate *known* address before finding abandonment of a previously adjudicated benefit.

## III. CONCLUSION

The decision of the Board is REVERSED and REMANDED for adjudication consistent with this opinion.