NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7040

CLAIBORNE MERRITT,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Claiborne Merritt, of Homer, Louisiana, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Rachael T. Shenkman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7040

CLAIBORNE MERRITT,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1625.

_____

DECIDED: July 9, 2009

_____

Before LOURIE, RADER, and MOORE, Circuit Judges.

PER CURIAM.

Claiborne Merritt appeals from a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court), Merritt v. Peake, No. 07-1625 (Vet. App. Nov. 13, 2008), affirming a Board of Veterans' Appeals (Board) decision denying entitlement to an earlier effective date of service connection for post-traumatic stress disorder (PTSD). For the reasons discussed below, we affirm.

Mr. Merritt served on active duty in the U.S. Army from June 1976 to October 1988 and from November 1990 to June 1991. He filed a claim for service connection for PTSD in 1994 and submitted a Statement in Support of Claim in March 1995. In October 1995, the Department of Veterans Affairs (VA) Regional Office (RO) informed

Mr. Merritt that his service medical records were unavailable and requested that he provide information to confirm his alleged stressors. In January 1996, the RO denied service connection for PTSD, citing no evidence of "specific dates or places of traumatic in-service stressful events." The RO denied service connection in subsequent rating decisions and eventually mailed an August 1997 rating decision to Mr. Merritt at a homeless shelter in Shreveport, Louisiana. Mr. Merritt did not appeal this rating decision.

On September 13, 1999, the RO received a letter from Mr. Merritt describing his psychiatric and financial problems. The RO construed his letter as a request to reopen the claim for service connection for PTSD. In response to a PTSD questionnaire sent by the RO, Mr. Merritt described seeing and smelling the bodies of dead Iraqi soldiers on a road called "Hell Alley" in February 1991. The RO denied Mr. Merritt's claim in January 2001 after the U.S. Armed Services Center for Research of Units Records was unable to verify that Mr. Merritt traveled this road. Mr. Merritt filed a Notice of Disagreement and later appealed to the Board. After resolving all doubt in Mr. Merritt's favor, the Board granted service connection for PTSD. The RO then assigned a 30% disability rating effective September 13, 1999. The RO later increased his rating for PTSD to 100% but denied his request for an earlier effective date. Mr. Merritt appealed.

The Board denied an earlier effective date, and the Veterans Court affirmed. The Board found that (1) the RO's August 1997 rating decision became final when Mr. Merritt did not appeal and (2) the RO first received Mr. Merritt's request to reopen his claim on September 13, 1999. Accordingly, the Board concluded that Mr. Merritt was not entitled to an effective date prior to September 13, 1999—i.e., the date of Mr.

Merritt's request to reopen his previously denied claim for service connection. Mr. Merritt then advanced numerous arguments on appeal to the Veterans Court, including: (1) that the RO's August 1997 rating decision never became final because he never received a copy of the rating decision, (2) that the August 1997 decision contains clear and unmistakable error (CUE), and (3) that his due process rights were violated at the time of discharge from military service. The Veterans Court, citing Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994) and Hyson v. Brown, 5 Vet. App. 262, 265 (1993), explained that the RO was required only to mail a notice of the August 1997 decision and that Mr. Merritt was required to keep the VA informed of a reliable address for receiving such notice. Because Mr. Merritt admitted that he was homeless and living part-time at the Shreveport homeless shelter to which the RO mailed the August 1997 rating decision, the Veterans Court concluded that the VA properly discharged its duty to notify Mr. Merritt of its decision. Furthermore, the Veterans Court held that it lacked jurisdiction to hear Mr. Merritt's arguments regarding CUE and due process because he never raised them before the Board. The Veterans Court thus affirmed the Board's decision maintaining an effective date of September 13, 1999.

Mr. Merritt appeals from the Veterans Court's decision, and we have jurisdiction under 38 U.S.C. § 7292(c). Our jurisdiction is limited to considering "challenge[s] to the validity of a statute or regulation or any interpretation thereof" and to "interpret[ing] constitutional and statutory provisions, to the extent presented and necessary to a decision." Id. Absent a constitutional issue, we cannot review factual determinations or "challenge[s] to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

On appeal, Mr. Merritt asserts that it was unfair and arbitrary to send notification to the homeless shelter.  It is certainly true that the RO was required to notify Mr. Merritt of the RO's August 1997 rating decision, including an explanation of the procedure for obtaining review of the decision, under 38 U.S.C. § 5104(a).  The VA mailed notice to the last known address for Mr. Merritt, the homeless shelter.  As the Veterans Court concluded, the claimant is responsible for keeping the Secretary informed of the address to which notification should be sent.  Hyson, 5 Vet. App. at 265.  We find no legal error in this case, and we are not permitted by the limits of our jurisdiction to review factual challenges.  We have reviewed Mr. Merritt's other arguments and have determined that they are without merit.

For the foregoing reasons, we affirm the decision of the Veterans Court.

COSTS

No costs.