Citation Nr: 1434261 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 11-10 396 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office 
in St. Paul, Minnesota


THE ISSUE

Entitlement to Dependency and Indemnity Compensation (DIC) benefits for the period from December 1, 2007, to February 28, 2010.


ATTORNEY FOR THE BOARD

S. Higgs, Counsel



INTRODUCTION

The Veteran served on active duty from August 1981 to January 1998. He died in January 1998. The appellant claims as his surviving spouse. This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2010 decision of the RO Pension Management Center in St. Paul, Minnesota. 

The electronic Virtual VA claims file contains documents that are either duplicates of the evidence contained in the paper claims file or are not pertinent to the present appeal. Presently there are no documents uploaded to the electronic Veterans Benefits Management System.


FINDINGS OF FACT

1. The preponderance of the evidence shows that the appellant did not keep VA apprised of a current mailing address during the period from approximately 2003 to February 5, 2010. 

2. The preponderance of the evidence shows that VA properly sent notice of the proposed termination of DIC benefits and notice of termination of those benefits in August 2007 and November 2007, respectively, to the last known mailing address of the appellant. 

3. The preponderance of the evidence shows that in August 2007 and November 2007, the RO requested evidence for the purpose of determining the appellant's continued entitlement to DIC benefits and that the appellant did not reply to the request until February 5, 2010.

4. The preponderance of the evidence indicates that prior to February 2010, there was insufficient evidence of record that the appellant was still unmarried.

CONCLUSION OF LAW

VA's discontinuation of DIC benefits for the period from December 1, 2007, to February 28, 2010, was proper, and the criteria for continued receipt of DIC benefits during this period are not met. 38 U.S.C.A. §§ 5107, 5110, 7105 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.31, 3.102, 3.105(e), 3.156, 3.158, 3.400, 3.500, 3.652 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duty to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a).

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 38 C.F.R. § 3.159(b)(1).

This matter arises from a February 2010 claim from the appellant in which she stated that she had never been remarried since the death of the Veteran and her DIC payments should not have been stopped. In April 2010 the RO reinstated her DIC benefits from January 1, 1999, to November 30, 2007, and from March 1, 2010, forward, but found that DIC benefits were not warranted for the period from December 1, 2007, to February 28, 2010. Thus her claim that reinstatement of DIC benefits was warranted was substantiated. Moreover, she demonstrated actual knowledge of what was required to re-establish entitlement-to demonstrate that she remained unmarried during the period subsequent to the Veteran's death. As a result the VCAA resulted in no further notice obligation; her disagreement with the effective dates as to reinstatement and continuation of DIC benefits did not give rise to further VCAA notice obligations. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006); 38 C.F.R. § 3.159(b)(3)(i) (no duty to provide VCAA notice arises upon receipt of a notice of disagreement). She has since been afforded due process as required under VA laws and regulations by way of issuance of a Statement of the Case and Supplemental Statement of the Case. Dingess/Hartman, 19 Vet. App. 473.
 
As to the duty to assist, VA's initial role in development was to request from the appellant her updated marital status. This development action was accomplished and her DIC benefits were reinstated accordingly, as described above, in the August 2007 notice letter. Subsequently, pursuant to a January 2014 remand VA sought information as to the veteran's living addresses over time so that it could evaluate if VA had sent the required notices in the year 2007 to the proper address, as well as information as to whether the appellant remained unmarried. The Agency of Original Jurisdiction (AOJ) obtained the requested information from the appellant. The Board accordingly finds that the AOJ achieved substantial compliance with the Board's January 2014 remand instructions. Stegall v. West, 11 Vet. App. 268, 271 (1998). The appellant has been provided with every opportunity to submit evidence and argument in support of her claim and to respond to VA notices. The facts of the case have been developed to an extent such that any further development would raise no reasonable possibility of substantiating her claim. Based on her own account of events and review of the claims file the preponderance of the evidence shows that at some point in approximately 2003 she moved from Grand Junction, Colorado, to Indiana, and then in approximately 2005 she moved to Korea, without informing VA of her continued marital status or change in mailing address until February 5, 2010. Further, the Board finds that the purpose behind the VCAA has been satisfied because the appellant has been afforded a meaningful opportunity to participate effectively in the processing of her claim. For these reasons, it is not prejudicial to the appellant for the Board to proceed to finally decide this appeal. 

Law and Regulations

Except as otherwise specified at 38 C.F.R. § 3.103(b)(3), where a reduction or discontinuance of benefits is warranted by reason of information received concerning income, net worth, dependency, or marital or other status, a proposal for the reduction or discontinuance will be prepared setting forth all material facts and reasons. 38 C.F.R. § 3.105(h). The beneficiary will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor, and will be given 60 days for the presentation of additional evidence to show that the benefits should be continued at their present level. 38 C.F.R. § 3.105(h). Unless otherwise provided in paragraph (i), if additional evidence is not received within that period, final adverse action will be taken and the award will be reduced or discontinued effective as specified under 38 C.F.R. §§ 3.500 through 3.503. 38 C.F.R. § 3.105(h). 

The effective date of a rating which results in a reduction or discontinuance of an award will be in accordance with the facts found. 38 C.F.R. § 3.500. The effective date for the discontinuance of DOC will be the earliest of the date provided. 38 C.F.R. § 3.500. Discontinuance or reduction for failure to furnish evidence of continued eligibility will be effective as provided at 38 C.F.R. § 3.652(a) and (b), except as provided at 38 C.F.R. § 3.105.

Except as otherwise provided individuals to whom benefits are being paid are required to certify, when requested, that any or all of the eligibility factors which established entitlement to the benefit being paid continue to exist. 38 C.F.R. § 3.652(a). The beneficiary will be advised at the time of the request that the certification must be furnished within 60 days from the date of the request therefor and that failure to do so will result in the reduction or termination of benefits. 38 C.F.R. § 3.652(a). If the certification is not received within 60 days from the date of the request, the eligibility factor(s) for which certification was requested will be considered to have ceased to exist as of the end of the month in which it was last shown by the evidence of record to have existed. 38 C.F.R. § 3.652(a)(1). For purposes of this paragraph, the effective date of reduction or termination of benefits will be in accordance with §§3.500 through 3.504 as in effect on the date the eligibility factor(s) is considered to have ceased to exist. 38 C.F.R. § 3.652(a)(1). The claimant will be advised of the proposed reduction or termination of benefits and the date the proposed action will be effective. An additional 60 days from the date of notice of the proposed action will be provided for the claimant to respond. 38 C.F.R. § 3.652(a)(1). If the certification is not received within the additional 60 day period, the proposed reduction or termination of benefits will be put into effect. 38 C.F.R. § 3.652(a)(2). When the required certification is received, benefits will be adjusted, if necessary, in accordance with the facts found. 38 C.F.R. § 3.652(b).

Except as provided in 38 C.F.R. § 3.652, where evidence requested for the purpose of determining continued entitlement is not furnished within 1 year after the date of request, the claim will be considered abandoned. 38 C.F.R. § 3.158(a). After the expiration of 1 year, further action will not be taken unless a new claim is received. Should the right to benefits be finally established, dependency and indemnity compensation based on such evidence shall commence not earlier than the date of filing the new claim. 38 C.F.R. § 3.158(a). Following notification of an initial review and adverse determination by the Regional Office (RO), a notice of disagreement must be filed within one year from the date of notification thereof; otherwise, the determination becomes final and is generally not subject to revision except on the receipt of new and material evidence. 38 U.S.C.A. §§ 5108, 7105; 38 C.F.R. §§ 3.156, 19.25, 19.26. 

If new and material evidence has been received with respect to a claim which has become final, then the claim is reopened and decided on a de novo basis. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156.

Unless specifically provided otherwise, the effective date of an award based on an original claim, a claim re-opened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application. 38 U.S.C.A. § 5110(a) (West 2002 & Supp. 2013). Except as otherwise provided, the effective date of an evaluation and award of dependency and indemnity compensation based on an original claim, a claim re-opened after final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is the later. 38 C.F.R. § 3.400 (2013). Regardless of VA regulations concerning effective dates of awards, and except as provided in paragraph (c) of this section, payment of monetary benefits based on original, reopened, or increased awards of dependency and indemnity compensation may not be made for any period prior to the first day of the calendar month following the month in which the award became effective. 38 C.F.R. § 3.31.

For cases in which the appellant moved without informing VA of his or her new address, in the normal course of events, it is the burden of the appellant to keep the VA apprised of his or her whereabouts. If he or she does not do so, there is no burden on the part of the VA to turn up heaven and earth to find him or her. Hyson v. Brown, 5 Vet. App. 262, 265 (1993).

The standard of proof to be applied in decisions on claims for veterans' benefits is set forth at 38 U.S.C.A. § 5107. A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See 38 C.F.R. § 3.102. When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996). 

Factual Analysis

An August 2007 letter addressed to the appellant stated that the AOJ proposed to terminate her DIC benefits because she had not responded to VA requests for updated information as to her marital status. The letter informed her that in order for her DIC benefits to continue she must provide updated information as to her current marital status and notified her that she had 60 days to respond, in accordance with 38 C.F.R. § 3.105(h) and 38 C.F.R. § 3.652(a)(1). 

The appellant did not respond to the August 2007 notice letter. In a November r2007 letter, the RO notified the appellant her DIC benefits were to be discontinued. The DIC benefits were terminated effective December 1, 2007. See 38 C.F.R. §§ 3.105(h), 3.500(v), 3.652(a)(2). There is no indication in the claims file that either of these letters was returned as undeliverable.

The November 2007 notice letter included the appellant's appellate rights. She did not submit a notice of disagreement or new and material evidence within one year of the November 2007 notice letter, so that the November 2007 determination became final. See 38 U.S.C.A. § 7105; 38 C.F.R. 3.156(b). In November 2007, the AOJ took the proposed action and terminated the DIC benefits effective January 1, 1999. The VA Debt Management Center notified the appellant in December 2007 that a $102,291 debt resulting from overpayment of benefits had been created because VA did not receive the requested information.

A VA computer printout in the claims file dated January 31, 2008, indicates that the appellant had received a total of $102, 291 in benefits, beginning January 1, 1999. On the printout is the handwritten notation "no phone number found. IG was unable to locate widow. Per telephone call from [name omitted]. [Signature omitted], 8/20/08.

A February 5, 2010, report of contact indicates that the AOJ spoke with the appellant by telephone and that she indicated she had not remarried since the death of the Veteran. In March 2010, the AOJ received a Statement of in Support of Claim, and a Declaration of Status of Dependents. 

In April 2010 the AOJ reinstated the DIC benefits from January 1, 1999, to December 1, 2007, eliminating the overpayment of $102,291, because the appellant had updated her marriage status, thus confirming entitlement to the DIC benefits that were previously paid to her. See 38 C.F.R. § 3.652(b). Also in April 2010, the AOJ reinstated the appellant's DIC benefits effective February 5, 2010, the date the claim to reopen the matter of continued DIC benefits was received, via telephone conversation. Payments pursuant began effective March 1, 2010, the first day of the month following the effective date of the grant of entitlement. See 38 U.S.C.A. § 5110; 38 C.F.R. §§ 3.31, 3.400.

On May 11, 2010, May 25, 2010, and July 10, 2010, the AOJ spoke with the appellant and she asked for a review of her file to see if she was entitled to additional payments. On August 19, 2010, the AOJ wrote to the appellant and explained that she was not entitled to additional benefits. This appeal as to entitlement to DIC benefits for the period from December 1, 2007, to February 28, 2010, ensued.

The Board finds that the appellant's updating of VA as to her marriage status as remaining unmarried since the Veteran's death was new and material evidence that reopened her claim for continued DIC benefits and fully substantiated the underlying claim for DIC benefits. See 38 C.F.R. §§ 3.156. As noted, the DIC benefits from 1999 through November 30, 2007, were restored, consistent with 38 C.F.R. § 3.652(b) and she was found entitled to DIC benefits payments based on the new and material evidence effective from March 1, 2010, the first day of the month after the reopened claim that was granted was received. See38 U.S.C.A. § 5110(a); 38 C.F.R. §§ 3.31, 3.400.

In March 2014 the appellant submitted a statement to the AOJ that she could not remember all of the places that she had lived, noting that English is not her first language and that she is not familiar with the system. She stated that from 1998 to 2001 she lived in Colorado Springs, Colorado; in Oklahoma from 2001 until 2002; in Grand Junction, Colorado from 2002 to 2003; and in Indiana from 2003 to 2005. She stated that after 2005, she moved to Korea, where she currently resides. She provided her mailing address in Korea. She also completed a new VA Form, indicating that she still had not remarried since the death of the Veteran.

In August 15, 2007 the AOJ requested marital status information from the appellant. No information was received. In a November 2007 decision, the AOJ discontinued benefits, and that decision was final. The AOJ did not receive the requested information until February 2010 via a phone call. That contact with the AOJ was considered to be a claim to reopen, which was allowed except from December 1, 2007, to March 1, 2010. See 38 U.S.C.A. § 5110; 38 C.F.R. § 3.31, 3.400. 

The Board has carefully considered the matter of whether notices sent to the appellant in August 2007 and November 2007 were sent to VA's last known mailing address for the appellant. The August 2007 and November 2007 notices were sent to the appellant's address in Grand Junction, Colorado. In December 1998 and in May 1999, in conjunction with her claim for DIC, the appellant indicated that the Veteran had died in Grand Junction, Colorado, and that her address was in Colorado Springs, Colorado. In June 1999 she wrote to indicate that her address had changed to Broken Bow, Oklahoma. In her March 2010 statement, she indicated that from 2002 to 2003 she lived in Grand Junction, Colorado, that she lived in Indiana from 2003 to 2005, and in Korea 2005. She continues to indicate a mailing address in Indiana and in March 2014 also provided a mailing address for Korea. The notices sent to her in August 2007 and November 2007 were sent to the address in Grand Junction, Colorado, from which she had moved in 2003.

A critical question for the Board is therefore whether the appellant had informed VA of her Indiana or Korea mailing address during the period of time from 2003, when she moved to Indiana, though 2005, when she moved to Korea, through August to December 2007, when VA sent the proposed notice of discontinuance of benefits, the notice of actual discontinuance of benefits, and the notice of her debt to VA of $102, 291, to her address in Grand Junction, Colorado. As noted, a VA data printout dated in January 2008 indicates the appellant's most recent address of record to be the Grand Junction, Colorado, address, with an August 2008 handwritten notations indicating that VA could not find her phone number and that the VA Inspector General (IG) was unable to locate her. Thus, it is clear that VA did not know her current address and could not locate her despite attempts to do so during the year 2008.
 
There is no correspondence in the claims file to indicate that the appellant informed VA of either her Indiana or Korea mailing address at any time prior to February 2010. A February 2010 report of contact indicates that she called VA "to let us know that she has never been remarried and her DIC payment should never have stopped." In March 2010 she wrote to VA and indicated that her benefits were stopped in December 2007 and that "I assume it is because I was not receiving mail from the Veterans Administration," and she at that time informed VA of her address in Indiana but still did not inform VA that she had moved to Korea in 2005. In March 2010 she stated that she was born in Korea, and that English was not her first language, and stated that in general that he had a hard time recovering her mail in a timely fashion. 

Based on the foregoing, the Board finds that the preponderance of the evidence shows that the appellant did not keep VA apprised of a valid current mailing address from 2003 to February 5, 2010. The evidence shows, and she has not argued otherwise, that February 2010 was the first time she notified VA of her new address in Indiana. As of that date she still did not inform VA that she had moved to Korea in 2005. In a December 2010 notice of disagreement, she wrote that she had recently received the letter dated in August 2007 that was sent by VA to inform her of discontinuation of benefits, that she was a Korean citizen, and that she was in Korea during November 2007, when the notice of actual discontinuance of DIC benefits was sent to her, but she still did not inform VA that her current residence had been in Korea from 2005 forward. The evidence shows without contradiction or dispute that she indicated for the first time, in March 2014, pursuant to development requested by the Board's January 2014 remand of this matter, that she had moved to Korea in 2005 and provided her mailing address was in Korea.

Although the appellant cites to her language limitations and lack of familiarity of the VA system as reasons for her difficulties of communication with VA, the Board notes that she successfully pursued a claim for DIC benefits and twice promptly notified VA of changes in her current address during the period from December 1998 to June 1999. She also has recently provided VA notice of her mailing addresses in Indiana and Korea, updated notice of her marriage status and a provided a history of her places of residence from 1998 to 2014, without assistance of representation before VA. Thus, the Board finds that the preponderance of the evidence shows that she has full ability to comprehend the matters at hand and to notify VA of her marital status and changes of addresses.

Thus, the preponderance of the evidence shows that the appellant did not keep VA apprised of her mailing address from August 2007 through February 2010, did not inform VA of her change of the 2003 address change to Indiana until February 2007, and did not inform VA of her 2005 move to Korea until March 2014.

Because the preponderance of the evidence shows she did not inform VA of her 2003 Indiana mailing address until 2010, and did not inform VA of her move to Korea in 2005 (as opposed to her presence in Korea in November 2007, as was indicated in her November 2010 notice of disagreement) until 2014, the preponderance of the evidence further shows that VA was not at fault in sending notice of proposed termination if DIC benefits and notice of termination of those benefits in August 2007 ad November 2007, respectively, to VA's last known mailing address for the appellant, which at that time was Grand Junction, Colorado, where, by her own account, she had lived from 2002 to 2003, just prior to her move to Indiana in 2003 and her move to Korea in 2005. 

It also follows that the preponderance of the evidence shows that in August 2007 and November 2007 VA contacted the appellant at her last known mailing address for the purpose of determining the appellant's current marital status and that the appellant did not reply within one year of the request. Regulations provide that because she did not respond to show continued entitlement to DIC benefits she was deemed not to have adequate marital status to continue to received such benefits (since restored) subsequent to the end of the last month adequate marital status was last shown, i.e., January 1, 1999. See 38 § 3.652(a). 

VA's discontinuance of her benefits in November 2007, effective from December 31, 2007, was proper. She did not submit a notice of disagreement within a year of the November 2007 decision and thus the decision became final. See 38 U.S.C.A. § 7105. Her next communication was to submit a claim regarding continued entitlement to DIC benefits in February 2010, more than one year after notice of the matter in November 2007. Thus, the matter of whether she was entitled to continued DIC benefits from December 1, 2007, forward, was deemed abandoned. See 38 C.F.R. § 3.158. Further, her lack of response resulted in her not meeting the qualification of remaining unmarried for receipt of DIC benefits. See 38 C.F.R. § 3.652. The RO found that sufficient evidence of marital status was received to reinstate DIC benefits from January 1, 1999, to December 1, 2007, pursuant to 38 C.F.R. § 3.652(b), thus fully erasing her debt to VA, and from March 1, 2010 forward, the first day of the month after which evidence sufficient to reopen the matter and reinstate the benefits was received.

As described above, the preponderance of the evidence shows that DIC benefits were properly discontinued in December 2007 and that the proper effective date for a grant of resumption of DIC benefits was February 2010 and thus for reinstatement of payment was March 1, 2010. See 38 C.F.R. §§ 3.31, 3.105, 3.158, 3.400. The AOJ's discontinuance of DIC benefits as of December 2007 was proper and under the law and facts of this case the criteria for payment of DIC benefits were not subsequently met until March 1, 2010. See 38 U.S.C.A. § 5110; 38 C.F.R. § 3.400. As the preponderance of the evidence is against the matter on appeal, the benefit of the doubt rule is not for application in resolution of the matter. 38 U.S.C.A. §§ 501(a), 5110, 7105 (West 2002 & Supp. 2013); 38 C.F.R. §§ 3.31, 3.102, 3.104(e), 3.158, 3.400, 3.500, 3.652 (2013).


ORDER

Entitlement to payment of Dependent and Indemnity Compensation (DIC) benefits for the period from December 1, 2007, to February 28, 2010, is denied.



____________________________________________
K. MILLIKAN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs