Citation Nr: 1443679 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-25 599 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to service connection for bilateral knee disability.


ATTORNEY FOR THE BOARD

Bridgid D. Houbeck, Counsel


INTRODUCTION

The Veteran served on active duty from November 1968 to November 1970.

This matter has come before the Board of Veterans' Appeals (Board) on appeal from an August 2008 rating decision of the Nashville, Tennessee, Department of Veterans Affairs (VA) Regional Office (RO), which inter alia denied the Veteran's attempt to reopen a claim of service connection for bilateral knee disability. 

The Veteran was scheduled to present testimony before a Veterans Law Judge (VLJ) on March 25, 2013. However, he failed to report to the hearing. As the record does not contain further explanation as to why the Veteran failed to report to this hearing or any additional requests for an appeals hearing, the Board deems the Veteran's request for an appeals hearing withdrawn. See 38 C.F.R. § 20.704.

Previously, the Veteran was represented by an attorney but that representation was terminated and the Veteran did not assign representation to anyone else.

In November 2013, the Board inter alia reopened the Veteran's claim of service connection for bilateral knee disability and remanded the matter for further development.


FINDING OF FACT

The veteran failed to report for a scheduled VA examination in November 2013. He offered no good cause for his failure to report. 


CONCLUSION OF LAW

The claim of service connection for bilateral knee disability is denied as a matter of law. 38 C.F.R. § 3.655 (2013).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA regulations provide that when a claimant fails to report for a scheduled medical examination without good cause the reopened claim for a benefit that was previously disallowed shall be denied, without review of the evidence of record. See 38 C.F.R. § 3.655 (2013). In addition, when requested information is not furnished within one year claims are considered abandoned. See 38 C.F.R. § 3.158 (2013).

The United States Court of Veterans Affairs (Court) held that the burden was upon VA to demonstrate that notice was sent to the claimant's last address of record and that the claimant lacked adequate reason or good cause for failing to report for a scheduled examination. Hyson v. Brown, 5 Vet. App. 262, 265 (1993). Although, in dicta, the Court stated that in the normal course of events it was the burden of the veteran to keep the VA apprised of his whereabouts, and that if he did not do so there was no burden on the VA to turn up heaven and earth to find him before finding abandonment of a previously adjudicated benefit. Id. The Court has also held that the "duty to assist is not always a one-way street." Wood v. Derwinski, 1 Vet.App. 190, 193 (1991). 

In November 2013, this matter was remanded to afford the Veteran a VA examination to determine the nature and etiology of any knee disability. 

The evidence reflects that the Veteran was properly notified of the VA examination, but he failed to report for it. Specifically, the Veteran failed to report for a November 2013 VA examination (ordered pursuant to the Board's remand that same month); he has not offered good cause for his failure to report or indicated his willingness to report for any future examination. 

The Veteran failed to report for the VA examination without good cause, despite being notified of the scheduled examination at his last known address. The Board finds that additional efforts to schedule an examination would be futile. In the absence of clear evidence to the contrary, the law presumes the regularity of the administrative process. Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994) (citing Ashley v. Derwinski, 2 Vet. App. 62, 64-65 (1992)). Notification for VA purposes is a written notice sent to the claimant's last address of record. See 38 C.F.R. § 3.1(q) (2013). 

Given the fact that the Veteran has not contacted the RO with a reason for his failure to report, the Board is satisfied that his failure to report to the scheduled VA examinations was without good cause. See 38 C.F.R. § 3.655. Therefore, the reopened claim of service connection for bilateral knee disability must be denied as a matter of law. See Sabonis v. Brown, 6 Vet.App. 426, 430 (1994).

The Board finds that notwithstanding the notice and duty to assist provisions of the Veterans Claims Assistance Act of 2000, no undue prejudice to the Veteran is evident by a disposition by the Board herein, as the amended provisions of the Act specifically provide that VA is not required to provide assistance to a claimant if there is no reasonable possibility that such assistance will aid in substantiating the claims. See 38 U.S.C.A. § 5103A(2) (West 2002); see also 38 C.F.R. §§ 3.159, 3.326 (2013). 

For the reasons set forth above, the Board finds that the Veteran's claim of service connection for bilateral knee disability lacks legal merit under the law and therefore, there is no reasonable possibility that further assistance or development of the claim at the RO-level will result in a grant of any benefit sought. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991) (Strict adherence to requirements in the law does not dictate an unquestioning, blind adherence in the face of overwhelming evidence in support of the result in a particular case; such adherence would result in unnecessarily imposing additional burdens on VA with no benefit flowing to the veteran); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (remands which would only result in unnecessarily imposing additional burdens on VA with no benefit flowing to the appellant are to be avoided). Thus, the Board finds that the claim for of service connection for bilateral knee disability must be denied. 


ORDER

Service connection for bilateral knee disability is denied.



____________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs