Citation Nr: 1706038 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 05-14 794 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

L. Zobrist, Counsel

INTRODUCTION

The appellant is a Veteran who had active service from August 1966 to June 1969. This case is before the Board of Veterans' Appeals (Board) on remand from the United States Court of Appeals for Veterans Claims (Court). The case was originally before the Board on appeal from a November 2005 rating decision by the Chicago, Illinois, Regional Office (RO) of the Department of Veterans Affairs (VA) that, inter alia, denied an increased rating for Group V muscle injury. In March 2008, a Travel Board hearing (on the matter of the increased rating claim) was held before the undersigned; a transcript of that hearing is associated with the claims file. 
 
A May 2008 Board decision denied the underlying increased rating claim. Following appeal to the Court, and a June 2009 Court Order remanding the increased rating matter for compliance with instructions outlined in a June 2009 Joint Motion for Remand (JMR), the Board again denied an increased rating in November 2010. The Veteran appealed that decision to the Court, resulting in a May 2011 JMR by the parties and, that same month, a Court Order again remaining the matter for compliance with the JMR terms. The May 2011 JMR also instructed the Board to consider whether there was a reasonably raised claim for a total disability rating based on individual unemployability due to service-connected disability (TDIU).

In December 2011, the Board found that a TDIU claim was raised by the record and remanded the matter for notice and RO adjudication. The TDIU claim was denied by the RO in April 2014 and April 2015 rating decisions; the Veteran did not expressly initiate an appeal of that matter, and no statement of the case (SOC) was issued.

A July 2015 Board decision determined that it no longer had jurisdiction over the TDIU matter as the Veteran had not initiated an appeal of the April 2015 rating decision (and the time to do so had not expired.) The Veteran appealed that matter to the Court, resulting in a March 2016 JMR (and implementing Court Order), in which the parties agreed that the Board should consider whether language used in the December 2011 Board remand indicated that the Board had taken jurisdiction over the matter of TDIU, such that it remained in appellate status. The matter was remanded by the Board in June 2016 for additional development in compliance with the terms of the March 2016 JMR.

(The July 2015 Board decision also granted an increased rating for Group V muscle injury and remanded the matter of a separate rating for Group VI muscle injury for additional development. Service connection for a separate Group VI muscle injury was granted in an October 2015 rating decision. In the March 2016 JMR, the parties did not request that the rating assigned for Group V muscle injury be disturbed, and the appeal as to that issue was dismissed by the Court. Consequently, neither matter is before the Board.) 


FINDING OF FACT

In June 2016 (pursuant to the Board's remand instructions), the Veteran was asked to fully complete VA Forms 21-8940 (Veterans Application for Increased Compensation Based on Unemployability) and 21-4192 (Request for Employment Information in Connection with Claim for Disability Benefits), providing information and the releases needed to secure pertinent outstanding evidence necessary to adjudicate his claim; in September 2016 correspondence, he expressly indicated that he would not comply with such request.


CONCLUSION OF LAW

By failing to submit requested information and releases for critical evidence needed to properly adjudicate his claim (and indicating that he did not intend to do so), the Veteran has abandoned such claim, and his appeal in this matter must also be considered abandoned. 38 U.S.C.A. §§ 5107, 7105(d)(5) (West 2014); 38 C.F.R. § 3.158(a) (2016).



REASONS AND BASES FOR FINDING AND CONCLUSION

Notice and Assistance

VA's duty to notify was satisfied by correspondence in February 2014 and June 2016. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2016); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

The Veteran's service treatment records (STRs) and identified/available postservice evaluation/treatment records have been secured. He was afforded VA examinations in October 2005, February 2014, September 2015, and June 2016. In June 2016, he was asked to provide fully completed VA Forms 21-8940 (Veterans Application for Increased Compensation Based on Unemployability) and 21-4192 (Request for Employment Information in Connection with Claim for Disability Benefits); prior submissions were incomplete because they did not include pertinent employment history information necessary for VA to develop a claim based on assertions of unemployability. The Veteran did not provide the completed forms and indicated in September 2016 correspondence that he did not intend to do so (indicating that further delay in this matter to afford him additional time to respond would be pointless). 

Because the Veteran has declined to assist with development for outstanding pertinent employment records/evidence, any medical opinions offered are based on an incomplete history (and are inadequate for rating purposes). The Board finds that, in light of the Veteran's continuing refusal to cooperate, further attempts at development (for the outstanding employment records/evidence and thereafter an adequate examination and opinion) would be pointless. See Barr v. Nicholson, 21 Vet. App. 303 (2007). Pertinent (and perhaps critical) evidence remains outstanding and, as explained in further detail below, such evidence cannot be obtained without the Veteran's cooperation (by providing a completed TDIU application and authorization for release of employment records to VA). Given the circumstances, VA has met its assistance obligations. No further assistance is required. VA's duty to assist has been satisfied.

Legal Criteria, Factual Background, and Analysis

Where the evidence requested in connection with an original claim or a claim for increase is not furnished within 1 year after the date of the request, the claim will be considered abandoned. 38 C.F.R. § 3.158(a) (emphasis added). 

On June 2008 VA psychiatric examination, the Veteran stated that he had retired from a 29-year career (including supervisory duties) in response to pressure to fire one of his subordinates. He then worked as a truck driver until taking early retirement upon reaching age 55. In August 2010 and March 2014 correspondence, the Veteran stated that he used to drive a truck for a living, but could no longer do so as a result of his service-connected right arm disabilities. 

In March 2014, the Veteran declined to fully complete VA Form 21-8940 (TDIU Application), stating that it was not applicable as he had retired in 2006; notably, he did not indicate that he was unable to maintain substantially gainful employment. He also declined to complete VA Form 21-4192, stating that his most recent employer was no longer in business.

On October 2015 VA examination, the Veteran reported that he left his last job because he could no longer pull himself into the cab of his truck. The examiner noted that the Veteran could not do work with his right arm. 

The Board's June 2016 remand noted that there was evidence that the Veteran was no longer able to pursue employment as a gravel truck operator, but that (in light of the Veteran's training and experience, which included some college and supervisory experience) additional development was necessary to determine whether his service-connected disabilities precluded other forms of substantially gainful employment (i.e., sedentary and light labor). The Board noted that VA Form 21-8940 (TDIU application) is part of the TDIU application process, and that an Internet search suggests that the Veteran's last prior employer is still in business (at the same approximate location). The remand instructed that the Veteran be asked to provide completed VA Forms 21-8940 and 21-4192. Notably, the remand stated that "a governing regulation, 38 C.F.R. § 3.158, provides that where evidence requested in connection with a claim for VA benefits is not received within a year of the request, the claim will [emphasis added] be considered abandoned." In June 2016, the Agency of Original Jurisdiction (AOJ) sent the Veteran a letter requesting him to submit the completed forms; he did not respond to that request.

In a June 2016 VA medical opinion, the provider opined that the Veteran's service-connected disabilities would affect medium/heavy labor, but would have no impact on sedentary/light manual labor. 

The only additional submissions since the June 2016 request letter are written argument by his representative (which simply reiterates their theory of entitlement) and the Veteran's September 2016 response to the August 2016 supplemental statement of the case, indicating that he had no other information or evidence to submit and requested that the matter be returned to the Board as soon as possible, i.e., that he declined to provide the information requested in the Board's June 2016 remand and the correspondence from the AOJ that same month. 

The critical facts at this stage are clear: the Veteran has not provided the completed forms necessary for VA to adjudicate a TDIU claim. The duty to assist is not a one-way street, and a Veteran may not passively wait for assistance when his cooperation is needed for evidentiary development critical to a claim for VA benefits [nor may he deliberately choose to ignore requests for authorizations for VA to secure records deemed necessary to properly adjudicate his claims]. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). The Board finds that his failure to cooperate with VA's efforts to secure critical evidence in this matter frustrates VA's attempts to ascertain his employability. As a direct consequence of his failure to cooperate, the Board is presented with an incomplete disability picture that is inadequate for a proper merits adjudication of this matter. The controlling regulation in such circumstances is clear and unambiguous: it mandates that the claim "will be considered abandoned." See 38 C.F.R. § 3.158(a) (emphasis added); see also Hurd v. West, 13 Vet. App. 449, 452 (2000) (when the RO requests additional evidence and the appellant does not respond within one year, the claim is considered abandoned under 38 C.F.R. § 3.158 ). Notably, the Court has held that VA regulations are "binding on all who seek to come within their sphere," regardless of whether an appellant has knowledge of such regulations. See Jernigan v. Shinseki, 25 Vet. App. 220 (2012). 

The Board acknowledges that it has not been one full year since the June 2016 request for the completed VA Forms. However, the Veteran's September 2016 correspondence indicates that he will not respond to VA's request for that evidence, rendering the wait period moot, i.e., he has waived any further period of time afforded for response. Hence, the Board has no recourse but to conclude that the Veteran has abandoned this claim (and the appeal in this matter). See Hyson v. Brown, 5 Vet. App. 262 (1993). As the claim seeking TDIU is abandoned, there is no allegation of error in fact or law for appellate consideration in the matters; accordingly, the appeal in the matter must be dismissed. 38 U.S.C.A. § 7105 (d)(5).

The Board notes that, despite the Board's remand instructions that if the Veteran did not respond with authorizations for VA to secure the records sought the case should be processed under 38 C.F.R. § 3.158(a), the AOJ has continued to readjudicate and deny the claim on the merits [despite the incomplete record]. The Board finds that no useful purpose would be served by yet another remand to compel compliance with instructions, under Stegall v. West, 11 Vet. App. 268, 271 (1998). As the law is dispositive in this matter; no other outcome is possible given the circumstances. 


ORDER

The appeal seeking TDIU is dismissed.


____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs