﻿Citation Nr: AXXXXXXXX
Decision Date: 08/31/20 Archive Date: 08/31/20

DOCKET NO. 200514-84338
DATE: August 31, 2020

ORDER

Restoration of the Veteran’s dependent spouse, B., to his award of VA disability compensation, effective November 1, 2011, is denied.

FINDINGS OF FACT

1. On October 20, 2011, VA received a completed Status of Dependents Questionnaire (VA Form 21-0538), verifying that he and his spouse, B., were still married.

2. The Veteran did not submit verification of his continued marriage to B. within the requisite timeframe following an October 2019 request.

CONCLUSION OF LAW

The criteria for restoration of the Veteran’s dependent spouse, B., to his award of VA disability compensation, effective November 1, 2011, have not been met. 38 U.S.C. § 1115; 38 C.F.R. §§ 3.1, 3.4, 3.103, 3.105, 3.110, 3.204, 3.205, 3.500, 3.652.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from March 1967 to May 1993. In May 2020, the Veteran timely appealed the April 2020 decision to the Board of Veterans’ Appeals (Board) and requested direct review of the evidence considered by the agency of original jurisdiction (AOJ) under the modernized review system of the Appeals Modernization Act (AMA). 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

Evidence was added to the claims file during a period of time when new evidence was not allowed. Specifically, with his Board Appeal (VA Form 10182) received on May 14, 2020, the Veteran also submitted an Application Request to Add and/or Remove Dependents (VA Form 21-686c). Federal Regulation provides that decisions of the Board will be based on a de novo review of the evidence of record at the time of the AOJ decision on the issue on appeal. 38 C.F.R. § 20.300(a). Accordingly, as the Board is deciding the claim to restore the Veteran’s spouse as a dependent to his award of VA compensation benefits, it may not consider this evidence in its decision. Nevertheless, the Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant to the issue of restoring his spouse as a dependent, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Entitlement to restoration of the Veteran’s dependent spouse, B., to his award of VA disability compensation, effective December 1, 2003 

The Veteran reports he has been married to his spouse, B., for 41 years and asserts she should not have been removed from his award of VA disability compensation, effective December 1, 2003.

A veteran who is in receipt of disability compensation of 30 percent or more is entitled to an additional allowance for each dependent. 38 U.S.C. § 1115; 38 C.F.R. § 3.4(b)(2). Here, the Veteran’s combined disability rating has been at 50 percent or greater since March 1995.

Individuals to whom benefits are being paid are required to certify, when requested, that any or all of the eligibility factors which established entitlement to the benefit being paid continue to exist. The beneficiary will be advised at the time of the request that the certification must be furnished within 60 days from the date of the request therefor and that failure to do so will result in the reduction or termination of benefits. If the certification is not received within 60 days from the date of the request, the eligibility factor(s) for which certification was requested will be considered to have ceased to exist as of the end of the month in which it was last shown by the evidence of record to have existed. The effective date of reduction or termination of benefits will be in accordance with §§ 3.500 through 3.504 as in effect on the date the eligibility factor(s) is considered to have ceased to exist. The claimant will be advised of the proposed reduction or termination of benefits and the date the proposed action will be effective. An additional 60 days from the date of notice of the proposed action will be provided for the claimant to respond. If the certification is not received within the additional 60-day period, the proposed reduction or termination of benefits will be put into effect. When the required certification is received, benefits will be adjusted, if necessary, in accordance with the facts found. 38 C.F.R. § 3.652.

There is a presumption of regularity in the administrative process, and it is presumed that a claimant received proper notice by VA. See Boyd v. McDonald, 27 Vet. App. 63, 71-72 (2014) (holding that under the presumption of regularity, if notice is sent to the claimant’s last known address of record, it will be presumed that VA properly discharged its official duties). This presumption may only be rebutted with “clear evidence to the contrary.” Ashley v. Derwinski, 2 Vet. App. 307, 309 (1992). Although Ashley dealt with regularity of procedures at the Board, in Mindenhall v. Brown, 7 Vet. App. 271 (1994), the Court applied this presumption of regularity to procedures at the Regional Office (RO). Under Mindenhall, there is a presumption of regularity of the administrative process when there is a lack of clear evidence to the contrary.

In October 2019 correspondence mailed to his latest address of record, the AOJ asked the Veteran to complete and return an enclosed form, Mandatory Status of Dependents (VA Form 21-0538) within 60 days from the date of the letter, notifying him that if he did not reply with the requested information within 60 days, his award would be reduced. The AOJ did not receive the requested information within 60 days.

Reports of general information reflect that VA personnel attempted to contact the Veteran by telephone in January 2020 and left a voicemail message instructing him to contact VA to provide the required information needed to verify his continued marriage to his spouse and entitlement to dependency compensation. The next day, VA personnel attempted to contact him again.

In February 2020 correspondence, the AOJ notified the Veteran that VA proposed to remove his dependent spouse from his VA compensation award, effective December 1, 2003, because he did not respond to the request to verify the dependent’s current status. The AOJ again asked the Veteran to provide the requested information within 60 days of the letter and advised him that if no additional evidence was received within 60 days, VA would take the proposed action. The letter also notified him of his right to request a personal hearing to present evidence or argument. See 38 U.S.C. § 5112; 38 C.F.R. § 3.105(h) (outlining notice and procedural requirements prior to reducing or discontinuing dependency or other benefits).

More than 60 days later, the AOJ notified the Veteran in April 2020 correspondence that VA would remove his spouse from his award effective December 1, 2003, which was the first of the month following the date that he last verified the status of his dependent spouse. In the same letter, the AOJ explained that VA may be able to reinstate benefits for his dependent back to the earliest possible effective date if he submits the requested dependent verification within a year from the date of the April 21, 2020 letter.

Having considered the pertinent evidence of record, the termination of dependency allowance for the Veteran’s spouse, B., was proper.

Per the provisions of 38 C.F.R. § 3.652, the October 2019 letter requested that the Veteran certify his continued eligibility for dependency allowance, provided him with 60 days to respond, and indicated that failure to do so would result in the termination of benefits. Following the expiration of the 60-day period and in the absence of a response, eligibility was no longer considered to exist. In February 2020, the AOJ informed him of the proposed reduction and afforded 60 additional days to provide a response. Upon the expiration of this period and the continued lack of a response from the Veteran, dependency allowance was terminated in April 2020. This procedural history reflects that the AOJ followed the regulations governing the certification of continued eligibility for dependency allowance.

As to the presumption of regularity, the record contains no clear evidence that VA did not properly discharge its official duties in contacting the Veteran, to include any indication that VA’s notices were rendered undeliverable. See Hyson v. Brown, 5 Vet. App. 262 (1993) (discussing a claimant’s duty to inform VA of his or her current contact information). Rather, the Veteran simply failed to respond to these notices until after the termination of the benefits at issue.

In this respect, the Veteran provided information regarding his entitlement to dependency allowance in May 2020 at the time he filed his Board appeal; however, his selection of the direct review appeal opinion prohibits consideration of this evidence such that the appeal may not be granted on this basis. 38 C.F.R. § 3.2501. Nevertheless, his future benefits may be adjusted upon receipt of this information per 38 C.F.R. § 3.652. The Veteran is encouraged to speak with his representative for more information regarding this option. The Board, however, lacks the authority to take such action herein.

Finally, although the AOJ determined that the Veteran had most recently established his eligibility for dependency allowance in November 2003, and therefore, the dependency allowance was considered to have ceased effective December 1, 2003. The evidence of record at the time of the April 2020 AOJ decision letter included a signed and completed Status of Dependents Questionnaire received by VA on October 20, 2011, in which the Veteran verified he remained married to his spouse, B., and provided a new mailing address. Unfortunately, this evidence is misfiled in his electronic claims file under a document labeled “Returned Mail” with a Receipt Date of January 10, 2000. Because the evidence reflects that the Veteran last verified the status of his dependent spouse in October 2011, the proper date in which payment of additional monetary benefits for dependency should cease is the first day of the following calendar month, or November 1, 2011. See 38 C.F.R. § 3.31 (explaining the commencement of the period of payment of VA monetary benefits). In other words, VA may not remove the Veteran’s spouse from his award of VA compensation benefits prior to November 1, 2011.

In summary, restoration of the Veteran’s dependency allowance for B., effective November 1, 2011, is not warranted, and the appeal is denied. 

 

 

 

JAMES L. MARCH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Laura Kirscher Strauss

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.