Citation Nr: 21049977
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 15-35 000
DATE: August 13, 2021

REMANDED

A disability rating in excess of 10 percent for removal of semilunar cartilage of the right knee is remanded.

A disability rating in excess of 10 percent for right knee instability is remanded.

A disability rating in excess of 10 percent for left knee crepitus is remanded.

A disability rating in excess of 10 percent for right lower extremity radiculopathy is remanded.

A disability rating in excess of 10 percent for left lower extremity radiculopathy is remanded.

A compensable disability rating for hypertension is remanded.

Entitlement to total disability for individual unemployability due to service-connected disabilities (TDIU) is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from September 1967 to June 1991.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in September 2013 by the Department of Veterans Affairs (VA) Regional Office (RO) in Anchorage, Alaska. 

These claims were previously before the Board in April 2020, at which time it found that new VA examinations were warranted. Specifically, at that time, the most recent examination of record was one of the Veteran's knees, in July 2013, some seven years prior. The record shows that the Veteran had since undergone right knee surgery in 2017, and informed VA that all of his service-connected conditions had worsened since he was last examined.

The Board instructed the RO to schedule the Veteran for examinations to determine the current severity of all of his service-connected disabilities. The examinations were scheduled for October 2020. However, the Veteran indicated at that time that he spent his winters in Nevada, was leaving within days, and would not return to Alaska until April 2021. He declined to undergo examinations while out of state. Therefore, the scheduled VA examinations were canceled, and a Supplemental Statement of the Case was issued, in which the claims continued to be denied, in part due to the fact that the Veteran did not attend the scheduled examinations. 

The United States Court of Appeals for Veterans Claims has held that when a claimant fails to attend an examination, the burden is on VA to demonstrate that appropriate notice of the examination was given, and that the claimant lacked adequate reason or good cause for failing to report for a scheduled examination. Hyson v. Brown, 5 Vet. App. 262, 265 (1993). 

Here, the Board finds that the Veteran had both adequate reason and good cause for failing to report to his scheduled examinations. Review of the claims file shows that the Veteran has, on multiple occasions, left Alaska in October and returned in April, choosing to spend his winters in Nevada. In this instance, he indicated a reasonable preference not to be examined while he was out of state. Clearly, he has shown a willingness to attend VA examinations, so long as they are held while he is in Alaska during the summer months. As he informed VA that he would return to the state in April 2021, and that date has passed, the Board assumes that the Veteran is back in Alaska and new examinations can be scheduled. 

Thus, the Board finds that good cause exists for the Veteran to have missed his October 2020 VA examinations. See 38 C.F.R. § 3.655 (a). As such, he must be afforded another opportunity to attend VA examinations, per the instructions of the Board's prior remand.

Finally, the Veteran's claim for TDIU is intertwined with the issues currently on appeal. Harris v. Derwinski, 1 Vet. App. 180 (1991).

The matters are REMANDED for the following action:

1. Coordinate with the Veteran to schedule an examination to determine the current severity of his service-connected left and right knee disabilities. 

2. Coordinate with the Veteran to schedule an examination to determine the current severity of his service-connected bilateral lower extremity radiculopathy. 

3. Coordinate with the Veteran to schedule an examination to determine the current severity of his service-connected hypertension. 

 

 

R. FEINBERG

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Jeremy J. Olsen, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.